Edmund A. McCarthy, J.
This is an appeal by the People from an oral decision of the Justice of the Peace in the trial of the above-named defendant.
The return of the Justice on the appeal indicates that “ G. F.” (taken to mean, George Fiesinger, attorney for the defendant) “ asks dismissal on grounds that jury not sworn and witness under oath, time 9:00.” “ H. B.” (taken to mean Henry Blumberg, Assistant District Attorney) “ asks for mistrial; mistrial denied; dismissal granted; Jury discharged for reason that they had not been sworn.”
This return being conclusive and not having been amended on any proper application sets out the whole premise upon which this appeal is based as well as the grounds upon which the dismissal was granted. So we are confronted with the question as to whether or not the dismissal of the case was proper because the jury was not. sworn. There is no other question raised by this issue. Whatever other discussion there may have been by the attorneys and the trial court on any other premise was wholly prematurex so far as the ruling of the Justice of the Peace in this case is concerned.
This appeal having been brought on by the People of the State of New York, naturally the question of the right to appeal by the People is raised.
The reference hereinbefore made to the return of the Justice and the motions that were before him, particularly, the “ dismissal on grounds that Jury not sworn” required a decision by the Justice on the law and not on the consideration of the facts, because up to that point only partial facts were before the court and they were not submitted to the court in the motion as made. The granting of this motion for “ dismissal on grounds that Jury not sworn ” in effect declared a mistrial.
By the provisions of subdivision 3 of section 518 of the Code of Criminal Procedure, the People of the State of New York are given the privilege of appeal.
The Justice’s return does indicate that the jury was not sworn.
There are various statutory provisions for courts of record, Justices’ Courts and Courts of Special Sessions, all of which *1090 are mandatory so far as administering the oath to the jury is concerned.
Section 448 of the Civil Practice Act covers courts of record with a mandatory provision that the jury must he sworn.
Section 240 of the Justice Court Act provides that the Justice must administer the oath.
Section 241 of the Justice Court Act, confirming the provision of section 240, reads in part: ‘ ‘ After the jurors have been duly sworn.” (Italics supplied.)
Section 387 of the Code of Criminal Procedure referring to courts of record makes it mandatory that the jury must he sworn.
Then we get down to the Courts of Special Sessions. In the Code of Criminal Procedure, section 711 provides that the court must administer the oath to the jury.
And section 712 provides for the manner of trial after the jury has been sworn.
All of these provisions, of course, are statutory and have come up in the course of our jurisprudence a number of times. In civil matters it seems to be regarded in many earlier cases as an irregularity that may be waived by failure to take objection at the proper time and by silently acquiescing in an irregularity of impaneling the jury. Consent either expressed or by implication waives all objections to irregularities which occur in the progress of a case. (Dayharsh v. Enos, 5 N. Y. 531.)
It is required of everyone to take advantage of his rights at the proper time (and the) and the neglect to do so will be considered a waiver. (Browning v. Smith, 139 Ind. 280.)
A waiver is implied whenever it may be reasonably and fairly inferred from the act or omission or silence of the party who has the power of waiving. (Roumage v. Mechanics Fire Ins. Co., 13 N. J. L. 110.)
The failure to object to the qualifications of a juror is a waiver of all objections although the disqualification is not known at the time of the trial. (Collinson v. Wier, 91 Misc. 501 and cases therein cited.)
Another civil authority holding that the failure to swear a jury is an irregularity, only, will be found in Becker v. Becker (92 Misc. 382) and the cases therein cited.
There is however, the case of Fulton v. Yuill (24 Misc. 285) which determines that the failure to swear a jury is a fatal error and cannot be disregarded. This likewise was a civil case.
From the review of the authorities it would seem that in a criminal case a different and more strict rule prevails. The procedure in criminal courts is established by statute and the statute must be complied with.
*1091 Accordingly, until a jury in a Court of Special Sessions in a criminal matter has been duly sworn as required by law, there is no lawful jury by which the defendant can be tried. (5 Wharton’s Criminal Law and Procedure, § 2003 and the cases there cited.)
The failure to administer the oath either in form or substance may be taken advantage of at any step of the proceedings. (Same citation.)
Irregularities in the administration of the oath as to time and manner of administration may be waived. However, the failure to administer the oath cannot be waived by the defendant or his counsel, either expressly or by silence in a criminal matter.
Accordingly, it must be held that the failure to swear the jury in this case being of a criminal nature was a fatal error to the proceedings, which were regularly conducted apparently from the record up to the point where the jury should have been sworn. There the proceedings became irregular and from that point on there was no proper, legal trial because a duly constituted jury was not a part of the proceedings.
The Trial Justice Avas in error in granting the dismissal which Avas presented to him in that form by defense counsel. It would have been more proper and correct for him in Anew of the failure to swear the jury to have granted a mistrial, drawn a new panel of jurors and proceeded in a proper, regular and legal manner. Having made this error and granted a dismissal he has deprived both the People of the State of New York and the defendant of a proper determination of the issues in this case, and in order to protect the rights of the defendant so that he might have a fair and proper trial, the result of which may involve some property right as well as his own personal security, it is necessary to reverse the order of dismissal in this case and to direct that a new trial be had in the Court of Special Sessions of Hon. George Luther in the ToAvn of Schuyler to which the respective parties hereto are directed to appear on the 22d day of March, 1960, at 7:30 p.m. Eastern Standard Time, at the usual place for holding Courts of Special Sessions in the Toavu of Schuyler for the purpose of selecting a new jury, and after proper adjournment, to proceed in a proper and legal manner to the trial of the charge set out in the information herein.
All other questions to be urged will be determined by the Court of Special Sessions in timely order. Prepare order accordingly.