■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS NASH, Appellant.— Appeal by defendant from an order of the County Court, Queens County, dated April 25, 1960, denying, after a plenary hearing, his *coram nobis* application to vacate a judgment of said court rendered June 29, 1934, convicting him, on his plea of guilty, of burglary in the third degree, and sentencing him to Elmira Reformatory for an indeterminate term. Order affirmed. No opinion. Nolan, P. J., Beldock, Ughetta, Christ and Pette, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HARVEY RICHARDSON, Appellant.— Appeal by defendant from a judgment of the County Court, Kings County, rendered February 3, 1960, after a nonjury trial, convicting him on two counts of assault in the second degree, and sentencing him to serve a term of two and one-half to five years. Judgment affirmed. No opinion. Nolan, P. J., Beldock, Ughetta, Christ and Pette, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MORRIS (ICE) WILLIAMS, Appellant.— Appeal by defendant: (1) from a judgment of the County Court, Orange County, rendered January 22, 1960, convicting him, after a jury trial, of assault in the second degree, and sentencing him as a prior felony offender to serve a term of two and one-half to seven years; and (2) from every intermediate order made in the action. Judgment affirmed. The defendant contends that the court committed reversible error when, upon the selection of nine jurors, it administered the oath to them without awaiting the defendant's acquiescence with respect to all of the twelve jurors to be selected. It clearly appears defendant was advised that if he desired to challange an individual juror he should do so when the juror was called and before he was sworn (Code Crim. Pro., § 369), and that defendant was not deprived of his right to exercise his challenges. It was within the discretion of the trial court to determine the practice to be adopted at the trial (*People* v. *Carpenter*, 102 N. Y. 238). The defendant also contends that the judgment should be reversed on the grounds: (1) that, under the circumstances here existing, assault in the second degree is not necessarily included in the crime of manslaughter in the first degree for which the defendant was indicted; and (2) that the court having withdrawn from the jury's consideration the charge of manslaughter, the crimes of assault in the second and third degree should not have been submitted to the jury. We find these contentions to be untenable. No separate appeal lies from the intermediate orders, which have been reviewed on the appeal from the judgment of conviction. Ughetta, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.