THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JULIO MORALES, Respondent.

Second Department, July 30, 1979

538

### APPEARANCES OF COUNSEL

*Kenneth Gribetz, District Attorney (James H. Mellion* of counsel), for appellant.

*Peter Branti, Jr. (John M. McCabe* of counsel), for respondent.

### OPINION OF THE COURT

*Per Curiam.*

The People appeal from (1) an order of the County Court, Rockland County, which, after a hearing, granted a motion by defendant to suppress certain tapes, and (2) a trial order of dismissal, which dismissed the indictment at the conclusion of the suppression hearing.

▪ The trial order of dismissal should be affirmed, and the appeal from the order of suppression should be dismissed as academic in view of that determination.

The threshold issue on this appeal is whether retrial of the defendant is barred by double jeopardy.

In pretrial hearings, the People claimed that when the defendant allegedly made two sales of drugs to a confidential informant, the conversations between the defendant and the informant were overheard by means of a transmitter by two police officers who also recorded relevant portions of the conversations. The conversations were in Spanish and one of the officers, Officer Ramos, understands that language. After the court granted the defendant's motion to suppress the tapes, a jury was impaneled and sworn. The prosecutor requested that the court rule before he made his opening statement to the jury on whether it would permit Officer

Ramos to testify as to the conversations he had overheard by means of the transmitter. A request by defense counsel that the jury be discharged was denied by the court. Following a hearing in the absence of the jury, the court ruled that it would not permit Officer Ramos to testify as to his recollection of the conversations he overheard while the alleged drug sales were being made. The prosecutor then stated that because of the court's rulings the People's proof had been rendered so weak that the People could not proceed to trial. The prosecutor announced his intention of taking an appeal and requested that the court hold the trial in abeyance pending determination of the appeal. The court refused the prosecutor's request but suggested that the court issue a trial order of dismissal. Defense counsel stated that the defendant was ready to proceed and that if the prosecutor was not ready, the court should dismiss the indictment and acquit the defendant of all charges. The prosecutor opposed the application and renewed his application that the trial be held in abeyance pending appeal. Stating that jeopardy had attached, the Trial Judge denied the applications of the prosecutor and the defendant and stated his intention to issue a trial order of dismissal: "From what this Court has heard, I believe that the People should have gone forward with whatever proof they have. Therefore, I would say that I am issuing a trial Order of dismissal and this defendant has had his day in Court and so have the People."

After the jury was discharged, the court asked whether the defendant consented to the trial order of dismissal. Following consultation with the defendant, counsel stated that the defendant did not consent but requested that the People go forward. The prosecutor also noted for the record that the People did not and could not consent to an order of dismissal.

■ Characterization of the action taken by the Trial Judge here presents some difficulty and " 'the trial judge's characterization of his own action cannot control the classification of the action' " (see *United States v Scott,* 437 US 82, 96). However, characterization is irrelevant if retrial of the defendant is barred by principles of double jeopardy (cf. *People v Coppa,* 45 NY2d 244, where the defendant expressly waived his right to assert such a claim at the time the motion to dismiss the simplified traffic information for legal insufficiency was granted).

■ In a jury trial, jeopardy attaches when the jury is

impaneled and sworn *(Serfass v United States,* 420 US 377, 388). The prosecutor concedes that under the decisional law prior to *United States v Scott (supra),* this appeal and a retrial would probably have been barred by the principles of double jeopardy (citing *People v Brown,* 40 NY2d 381, cert den 429 US 975; *United States v Jenkins,* 420 US 358). However, he contends that under more recent case law, a retrial is not precluded (citing *People v Key,* 45 NY2d 111, and *United States v Scott, supra).*

■ In *People v Brown (supra),* the defendant successfully moved at the conclusion of the People's case-in-chief for a trial order of dismissal pursuant to CPL 290.10 on the ground that a prima facie case of his guilt of bribery had not been made out. Under the circumstances of the record in that case, the trial court was presented with a pure question of law, namely, what constitutes the crime of bribery. The Court of Appeals concluded (p 391) that a double jeopardy rule was recently formulated by the Supreme Court "which precludes the People from taking an appeal from an adverse trial ruling whenever such appeal if resolved favorably for the People might require the defendant to stand retrial—or even if it would then be necessary for the trial court 'to make supplemental findings' *(United States v Jenkins,* 420 US 358, 370, *supra).* Double jeopardy principles will bar appeal unless there is available a determination of guilt which without more may be reinstated in the event of a reversal and remand. Application of such rule to the provisions of CPL 450.20 (subd 2) permitting the People to appeal from a trial order of dismissal renders that section unconstitutional except in the instance where disposition of the motion is reserved until after the jury verdict has been returned."

In *People v Key* (45 NY2d 111, *supra),* defense counsel successfully moved to dismiss a simplified traffic information as soon as a jury had been selected and sworn. Reviewing the decisional law, the court said (pp 117-119):

"As the rule has developed in New York, however, reprosecution is permitted whenever a dismissal has been granted on motion by defendant, so long as the dismissal does not constitute an adjudication on the facts going to guilt or innocence. The rule applies even if the dismissal occurs after jeopardy has attached.

"Thus reprosecution has been permitted after an accusatory

instrument is dismissed for legal insufficiency, even after trial had begun. * * *

"What remains, then is to determine whether the Supreme Court's most recent excursion into the double jeopardy area requires a result contrary to established New York law. * * *

"In other words, it appears from its latest exposition that the Supreme Court has divided trial orders of dismissal into two classes. In the first class are those that terminate the proceedings in defendant's favor (see *Lee v United States,* 432 US 23, 29-31, *supra).* These dismissals do not permit reprosecution. In the second class, however, are those dismissals that are 'functionally indistinguishable from a declaration of mistrial' *(id.,* at p 31). These dismissals do not bar reprosecution, so long as the motion is made by defendant, and the error prompting the motion is not motivated by bad faith or desire to provoke the motion *(id.,* at pp 33-34)."

The court concluded (pp 119-120): "Thus, following the Supreme Court's latest explanation of its earlier double jeopardy holdings, it appears unnecessary to abandon traditional New York law in this area. Especially in light of the developments in the Supreme Court, abandonment is unwarranted. Defendant moved for dismissal and there was no adjudication on the facts addressed directly or indirectly to proof of his innocence or guilt, but only a determination that the pleading was defective. Under these circumstances, having himself requested the dismissal, defendant is in no position to claim the protection of the double jeopardy clause. Hence, retrial should be permitted." However, the court noted that the holding in *Brown* may be correct notwithstanding the *Brown* court's reliance on the *Jenkins* case, saying (pp 119-120, n): "The holding in *People v Brown* (40 NY2d 381, *supra)* may be correct on some views of the matter since there the defendant's motion to dismiss was made on the basis that the People had, at the close of their case, failed to prove a prima facie case, concededly on an issue of law *(id.,* at pp 383-384). Hence, apparently on this court's view, the determination required consideration of the facts and the proceeding was 'terminated "in the defendant's favor" ' *(Lee v United States,* 432 US 23, 30, *supra,* quoting *United States v Jenkins,* 420 US 358, 365, n 7). Such a view finds support in a recent summary reversal by the Supreme Court holding that a dismissal for failure to state an offense, after consideration by the trial court of an agreed statement of facts, bars reprosecution

*(Finch v United States,* 433 US 676). On the other hand, although the holding may be correct, the reasoning in the *Brown* opinion by this court, because it relied on the *Jenkins* case *(supra),* is affected to whatever degree the later opinion in the *Lee* case affected the reasoning in the *Jenkins* case."

In *United States v Scott* (437 US 82, *supra),* the defendant moved before trial and twice during trial for dismissal of two counts of the indictment on the ground that his defense had been prejudiced by preindictment delay. At the close of all the evidence, the trial court granted the motion. The Supreme Court held that retrial of the defendant was not barred, saying *(supra,* pp 92, 98-101):

"Although the primary purpose of the Double Jeopardy Clause was to protect the integrity of a final judgment, see *Crist v. Bretz* [437 US 28, 33], this Court has also developed a body of law guarding the separate but related interest of a defendant in avoiding multiple prosecutions even where no final determination of guilt or innocence has been made. Such interests may be involved in two different situations: the first, in which the trial judge declares a mistrial; the second, in which the trial judge terminates the proceedings favorably to the defendant on a basis not related to factual guilt or innocence. * * *

■ "We think that in a case such as this the defendant, by deliberately choosing to seek termination of the proceedings against him on a basis unrelated to factual guilt or innocence of the offense of which he is accused, suffers no injury cognizable under the Double Jeopardy Clause if the Government is permitted to appeal from such a ruling of the trial court in favor of the defendant. * * *

"We think the same reasoning applies *in pari passu* where the defendant, instead of obtaining a reversal of his conviction on appeal, obtains the termination of the proceedings against him in the trial court without any finding by a court or jury as to his guilt or innocence. He has not been 'deprived' of his valued right to go to the first jury; only the public has been deprived of its valued right to 'one complete opportunity to convict those who have violated its laws.' *Arizona v. Washington,* 434 U.S., at 509. No interest protected by the Double Jeopardy Clause is invaded when the Government is allowed to appeal and seek reversal of such a midtrial termination of the proceedings in a manner favorable to the defendant.

"It is obvious from what we have said that we believe we

pressed too far in *Jenkins* the concept of the 'defendant's valued right to have his trial completed by a particular tribunal.' *Wade v. Hunter,* 336 U.S. 684, 689 (1949). We now conclude that where the defendant himself seeks to have the trial terminated without any submission to either judge or jury as to his guilt or innocence, an appeal by the Government from his successful effort to do so is not barred by 18 U.S.C. § 3731 (1976 ed.)."

■ The People's contention on appeal that the trial court should have declared a mistrial finds no support in the statute (CPL 280.10). While the exclusion of Officer Ramos' oral testimony after the hearing may be likened to an order suppressing evidence on the motion of a defendant pursuant to CPL 710.20, it was not "entered before trial" (CPL 450.20, subd 8). It is also questionable whether the dismissal of the indictment under the circumstances of this record is a trial order of dismissal within the meaning of the statute (CPL 290.10, 450.20, subd 2). However "[i]t is axiomatic that the People must offer evidence in support of the indictment" (Pitler, New York Criminal Practice Under the CPL, § 12.33, p 642; CPL 260.30, subd 5). The prosecutor elected not to go forward with his case because the People's evidence was insufficient. Accordingly, the Trial Judge's termination of the proceedings favorably to the defendant was made on a basis related to the defendant's guilt or innocence and a retrial of the defendant is barred (see *People v Key,* 45 NY2d 111, *supra; United States v Scott,* 437 US 82, *supra).*

Suozzi, J. P., Cohalan, Margett and Martuscello, JJ., concur.

Trial order of dismissal of the County Court, Rockland County, made September 27, 1978, affirmed.

Appeal from an order of suppression of the same court, dated November 17, 1978, dismissed as academic in light of the determination on the appeal from the trial order of dismissal.