■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES FAULKNER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered May 16, 1979, convicting him of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. Defendant was indicted for the crimes of assault in the second degree and criminal possession of a weapon in the fourth degree based upon his alleged use of a broken beer mug as a dangerous instrument to inflict injury upon the victim during a barroom altercation. The record reveals that the jury began deliberations at 11:00 A.M. on March 6, 1979. During the morning of March 7 it submitted a note to the court in which it was stated that on the previous night it had unanimously reached a verdict on one charge but it had disagreed on the other one. A question was posed to the court as to whether the jury could change its unanimous vote of the previous day. The trial court correctly advised the jury that until a verdict was actually announced in court, the jury was free to discuss it at will and change any decision it may have reached on any of the counts. The jury then resumed deliberations. At 3:30

P.M. on March 7, the jury submitted another note to the trial court in which it advised the court that it had not agreed on the second count, but was prepared to submit its formal finding. The trial court then proceeded to receive a unanimous verdict of guilty as to the assault in the first degree count, and an "undecided" as to the criminal possession of a weapon in the fourth degree count. After polling the jury on the verdict of guilty to the assault count, the trial court, over defense counsel's objections, delivered a supplementary instruction. In the instruction the court stated, in effect, and somewhat confusingly, that implicit in the jury finding of guilt on the assault charge was that defendant had possession of the weapon, and therefore the original findings on the two counts were inconsistent with each other. The trial court then had the jury return to its room to reconsider only the second count charging defendant with criminal possession of a weapon in the fourth degree. About one-half hour later the jury returned a verdict of guilty on the second count. The giving of the supplementary charge in the manner indicated was prejudicial error in that it had the effect of directing a verdict of guilty on the second count charging defendant with criminal possession of a weapon in the fourth degree. Moreover, in view of the uncertainty and confusion demonstrated by the jury as manifested by its notes to the court, and the ensuing rendering of an inconsistent verdict, the trial court erred in not first explaining to the jury why its verdict was defective, and then resubmitting both counts to the jury for reconsideration of its verdict (see *People v Robinson,* 45 NY2d 448; *People v Kirkland,* 50 AD2d 574; *People v Quilles,* 48 AD2d 933; cf. CPL 310.50). Accordingly, the judgment is reversed and the matter remanded for a new trial on both counts of the indictment. Mollen, P. J., Hopkins, Titone and Mangano, JJ., concur.