**Lieutenant Lee HOLLIS, Petitioner,**

v.

**PEOPLE of the State of Colorado, Respondent.**

**No. 79SC394.**

Supreme Court of Colorado, En Banc.

April 20, 1981.

Rehearing Denied May 11, 1981.

Cairns & Wylder, P.C., Earl S. Wylder, Denver, for petitioner.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., William Morris, Asst. Atty. Gen., Denver, for respondent.

HODGES, Chief Justice.

Defendant Hollis was convicted of aggravated robbery. The court of appeals affirmed his conviction. *People v. Hollis*, Colo.App., 605 P.2d 483 (1979). We granted certiorari and now affirm the judgment of the court of appeals.

The defendant was convicted of robbing a uniform shop from which clothing was taken. Shortly after the robbery, a pile of clothes and a leather jacket were found in an alley by Nancy Edwards, who telephoned the police. While awaiting the arrival of the police, she observed a man walking toward her. He was about eight feet away from her when a motorcycle policeman drove up the alley. The man, later identified as the defendant, turned and ran off. The clothes in the alley were identified as having been taken in the robbery.

A set of keys and an address book in the front of which was the notation "January 10, 1977, Court 124D" were taken from the leather jacket found in the alley with the pile of clothes. The door to the defendant's

residence was later opened with this set of keys. The "January 10, 1977, Court 124D" notation corresponded with an appearance the defendant had in connection with another criminal charge.

Prior to his trial, the defendant made an oral motion in limine requesting the exclusion of testimony regarding the docket of Courtroom 124D for January 10, 1977. The defendant's motion also sought the exclusion of testimony by a bondsman who would testify as to having written a bond for the defendant's appearance in Courtroom 124D on January 10, 1977. The People responded that such evidence would be for the purpose of establishing identification. The trial court denied the defendant's motion. The address book was admitted in evidence and the jury was advised of the notation of the defendant's court appearance in another court case. The supervisor of the criminal division of the Denver County Court testified that the court records in his possession indicated that a case involving the defendant was entitled *City and County of Denver v. Lieutenant Hollis*, and was on the docket in Courtroom 124D on January 10, 1977. He also identified an appearance bond, written by Joe Moreno, for the defendant's appearance in Courtroom 124D on January 10, 1977. Mr. Moreno testified that he wrote this professional bond for the defendant on December 28, 1976, and on that date the defendant gave his address as 2322 Franklin Street, Denver, Colorado. A police officer testified that he and another officer had been able to open the door to this residence with the keys found in the leather jacket.

The complaining witness who was the victim of the robbery was the People's first witness. After the completion of this testimony, the trial court swore in the jury upon discovering that the jury had not been previously sworn in at the beginning of the trial. The defendant did not object at the trial to the late administration of the oath.

The petitioner appealed to the court of appeals contending that the failure of the trial court to swear in the jury at the commencement of the trial constituted plain error requiring the reversal of his conviction. Defendant also asserts on appeal that the trial court's denial of his oral motion in limine to suppress is cause for reversal. The court of appeals affirmed the judgment of the trial court, and we granted defendant's petition for certiorari to review these issues.

The defendant maintains that the failure of the trial court to swear in the jury before the People's first witness had testified constituted plain error and that his conviction must therefore be set aside. We disagree.

■ While there is no explicit statute or rule requiring the administration of an oath to a jury in this state, the need for such an oath had been judicially recognized. *See Minich v. People*, 8 Colo. 440, 9 P. 4 (1885). *See also, e. g., People v. Freeman*, 196 Colo. 238, 583 P.2d 921 (1978). As well, our rules of criminal procedure implicitly require that a jury will be sworn to try a case. Crim.P. 23(a)(7), 24(b)(2), 24(e).

■ Although the trial court did not administer an oath to the jury until after the People's first witness had testified, the defendant did not object to this oversight before the trial commenced, nor at the time the oath was given, nor in his motion for a new trial. The defendant on appeal contends that this late administration by the trial court of the jury oath is plain error, and therefore need not be preserved at the trial court level.

The defendant cites numerous cases which hold that it is reversible error to fail to swear in a jury to try a criminal case. *E. g., Culpepper v. State*, 132 Ga.App. 733, 209 S.E.2d 18 (1974); *Miller v. State*, 122 Miss. 19, 84 So. 161 (1920); *State v. Martin*, 198 Neb. 811, 255 N.W.2d 844 (1977); *People v. Bestle*, 22 Misc.2d 1088, 197 N.Y.S.2d 820 (Herkimer County Ct.1960); *Commonwealth v. Banmiller*, 393 Pa. 496, 143 A.2d 56 (1958); *Howard v. State*, 80 Tex.Crim. 588, 192 S.W. 770 (1917). These cases, however, did not involve a situation where the jury was sworn in but after one witness had testified.

In *United States v. Hopkins*, 458 F.2d 1353 (5th Cir. 1972), the trial court failed to

administer the oath to the jury until after the government had presented its case. The defendant made no objection to the delinquent oath. The error was held to be harmless. "No prejudice [was] shown by the delayed swearing of the jury, no objection was made, and the oath was administered before the jury retired to begin its deliberations." *Id.* at 1354. *See also State v. Frazier*, 339 Mo. 966, 98 S.W.2d 707 (1936). *See generally Cooper v. Campbell*, 597 F.2d 628 (8th Cir. 1979); *Garner v. State*, 206 Ala. 56, 89 So. 69 (1921); *Amado v. Commonwealth*, 349 Mass. 716, 212 N.E.2d 205 (1965); *Thomas v. State*, 298 So.2d 690 (Miss.1974); *Stark v. State*, 133 Miss. 275, 97 So.2d 577 (1923); *Hobbs v. State*, 121 Tenn. 413, 118 S.W. 262 (1908). We likewise hold, under the facts and posture of this case, that the late administration of the jury oath by the trial court was harmless error.

We next address the question whether the trial court erred in denying the defendant's oral motion in limine regarding the evidence which indicated he was involved in a prior criminal charge.

■ Evidence of an accused's prior criminal acts is generally inadmissible, although such evidence can be admitted under certain exceptional circumstances. *People v. Gutierrez*, Colo., 622 P.2d 547; *People v. Honey*, 198 Colo. 64, 596 P.2d 751 (1979); *People v. Ihme*, 187 Colo. 48, 528 P.2d 380 (1974); *Stull v. People*, 140 Colo. 278, 344 P.2d 455 (1959); C.R.E. 404(b). In cases where such evidence is admissible, there must be strict compliance with the procedural guidelines set forth in *Stull v. People, supra*, and the substantive criteria enumerated in *People v. Honey, supra*, must also be satisfied. *People v. Gutierrez, supra.*

■ The facts of this case distinguish it from *Gutierrez, Honey, Ihme,* and *Stull.* The evidence which showed that the defendant had a court appearance on January 10, 1977, in courtroom 124D, at 8:30 a. m., and that an appearance bond had been writ-

ten for the defendant in this case, did not establish a prior criminal act of the defendant. Rather, the evidence established the identity of the defendant as the perpetrator of the robbery. The defendant was only indirectly implicated in another criminal case.

This identification testimony only indirectly alluded to a prior criminal charge against the defendant. No direct reference to the specific nature of this charge was permitted by the trial court. The allusions to a prior criminal charge were merely incidental to this identification evidence. As such, it was properly admitted. *Leyba v. People*, 174 Colo. 1, 481 P.2d 417 (1971).[1] *See also People v. Orr*, 39 Colo.App. 289, 566 P.2d 1361 (1977).

In addition, the trial court gave a limiting instruction to the jury at the time this evidence was admitted. *See generally Stull v. People, supra.* The jury was further reminded of this instruction at the time the jury was charged.

The judgment of the court of appeals is affirmed.

---

1. Petitioner's counsel conceded during oral argument that *Leyba v. People, supra*, is controlling on this issue.