■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS JAMERSON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered May 1, 1980, convicting him of burglary in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered on all counts of the indictment. Initially, we note that the trial court did not comply with CPL 270.15 (subd 2), which mandates that "prospective jurors who are not excluded from service must retain their place in the jury box and must be immediately sworn as trial jurors". Over defense counsel's objection, the last three jurors and two alternates were not sworn by the court until the day after they were selected to serve. Since no action was taken before the jury until the final members of the panel were duly sworn, this error, standing alone, is harmless. However, the cumulative effect of additional errors committed during the course of the trial mandates reversal of defendant's conviction and a new trial. Over defense counsel's objection, the trial court erroneously permitted the complaining witness to testify that defendant "turned his back" on her when she became pregnant with his child, who died before birth. The People argue that this evidence was admissible to show defendant's motive for entering the complaining witness' apartment and menacing her or her new boyfriend with a .25 caliber pistol. We disagree. Evidence of bad character cannot be admitted unless the accused first presents proof of good character and, in the instant case, defendant never introduced such evidence (see *People v Kuss,* 32 NY2d 436). Even assuming defendant's alleged prior bad acts could be admitted to show motive, the probative value of this testimony was outweighed by its prejudicial effect (*People v Santarelli,* 49 NY2d 241; *People v Molineux,* 168 NY 264). Testimony that the complaining witness and defendant were once romantically involved and that she now had a new boyfriend would suffice to establish motive, without reference to the unborn child and defendant's alleged desertion. One count in the indictment charged defendant with the crime of reckless endangerment in the first degree. This count alleged that defendant, while in the complaining witness' apartment, pointed a gun at the complainant and/or her male companion and the gun discharged. The court correctly ruled that the complaining witness could testify that she had previously seen defendant in possession of the .25 caliber pistol, but would be precluded from describing the circumstances surrounding this observation. In disregard of this ruling, albeit through no fault of the prosecutor, the complaining witness on direct examination volunteered the information that she had previously seen the gun in defendant's possession when "he had shot a rat, there was a rat in the courtyard". Based on this testimony, the jury could have inferred that a man who would discharge a gun in the courtyard would also discharge a gun in the complainant's apartment. Consequently, defense counsel's motion for a mistrial should have been granted, since the probative value of the testimony describing the rat-shooting incident merely served to establish the accused's propensity to commit the crime of reckless endangerment. Although the trial court instructed the jury to disregard the testimony except as it pertained to defendant's possession of the gun, under the circumstances of this case the curative instruction could not remove the prejudicial effect of this testimony (see *People v Robinson,* 273 NY 438). Lastly, we address defendant's contention that the jury verdict is repugnant. Although this issue was not preserved for appellate review (CPL 470.05, subd 2; see *People v Satloff,* 56 NY2d 745; *People v Figueroa,* 96 AD2d 515), we hereby exercise our discretionary power to review this issue in the interest of justice. After reviewing the court's charge to the jury to ascertain what essential elements were described by the trial court (see *People v Tucker,* 55 NY2d 1; *People v Campbell,* 86 AD2d 403), we conclude that the verdict is

repugnant. The jury unanimously found defendant guilty of burglary in the first degree (Penal Law, § 140.30, subd 1), but was unable to reach a verdict as to the counts of reckless endangerment in the first degree and criminal possession of a weapon in the second degree (Penal Law, § 265.03). The trial court accepted the verdict of guilty on the burglary count and granted the People's motion to dismiss the counts of reckless endangerment in the first degree and criminal possession of a weapon in the second degree. With regard to the burglary count, the court instructed the jury that the charge was being submitted on the basis that defendant knowingly entered or remained unlawfully in the complainant's apartment at night with the intent to commit the crime of menacing and that in effecting entry or while in the apartment defendant was armed with a deadly weapon — a loaded .25 caliber pistol. The court charged the jury on the elements of menacing and instructed the jury that in order to find defendant guilty of menacing they had to find, *inter alia,* that defendant acted in a menacing manner, to wit, pointed a loaded .25 caliber pistol at the complainant and/or her male companion. Since burglary in the first degree, as charged to the jury, contained the necessary elements of possession of a loaded firearm with the intent to use it to commit the crime of menacing against the complainant and/or her friend, it was inherently inconsistent for the jury to convict defendant of burglary and, at the same time, for some members to apparently vote to acquit defendant of criminal possession of a weapon in the second degree. The essential elements of the latter offense are the knowing and unlawful possession of the .25 caliber pistol and the intent to use it unlawfully against another. By convicting defendant of burglary in the first degree, the jury must have found beyond a reasonable doubt that the defendant possessed the pistol with intent to menace, which constitutes an intent to use it unlawfully against another. When confronted with this inconsistent verdict, the trial court should have explained to the jury why its verdict was defective and then resubmitted both counts to the jury for reconsideration (see CPL 310.50, subd 2; *People v Faulkner,* 77 AD2d 573). Since the jury did not unanimously acquit defendant on the count of criminal possession of a weapon, our finding of repugnancy does not mandate the dismissal of the indictment, albeit it requires the reversal of the defendant's conviction for burglary in the first degree (cf. *People v Carbonell,* 40 NY2d 948). Moreover, since the trial court's dismissal of the count of criminal possession of a weapon and the count of reckless endangerment was not an acquittal of said counts, the new trial ordered herein may properly encompass all of the counts of the indictment (CPL 470.55). Titone, J. P., Thompson, Bracken and Rubin, JJ., concur.