OPINION OF THE COURT
A. Frederick Meyerson, J.
This motion brought by the defendant to dismiss the above-captioned indictment is predicated on the contention that to try the defendant would subject him to double jeopardy.
The chronology of this case, insofar as it is relevant to this motion, began on January 29,1985, when the People answered ready for trial in Complex H, and the matter was sent to this part for trial. A Huntley hearing was conducted and a decision pursuant thereto was rendered by this court on January 29, 1985, and the voir dire began the following day, January 30.
On January 30, prior to the commencement of jury selection, the Assistant District Attorney informed defense counsel and this court at a Bench conference, for the first time, that he was encountering difficulty in obtaining the presence of his witnesses. An agreement was reached by both attorneys and this court, that if the problem persisted, the jury would not be sworn as a jury once selection was completed, but that selection would continue in the meantime. After defense counsel made defendant aware of the nature of this Bench conference, this agreement was placed on the record. Neither defense counsel nor defendant raised an objection thereto.
Jury selection then commenced. The first two groups of four jurors each were sworn in on January 31. The following day, one *801 juror was sworn in. Following that, a group consisting of three was sworn in, after which the clerk swore in two alternates. The case was adjourned to the following day without the jury being sworn in.
On the following day, a Friday, the court advised the still unsworn jury that the case had to be put over until the following Monday. After the jury was excused, in the presence of both attorneys and the defendant, the court stated on the record that if the District Attorney was unable to procure his witnesses by Monday, the jury would be dismissed and the case would be returned to the complex.
On February 4, the individuals chosen as jurors were discharged without ever having been sworn en masse. The case was sent to the administrative judge, who sent it to another part for jury selection. Defendant, with counsel, appeared at that part and announced readiness to proceed to trial and jury selection. The People, however, stated that due to the unavailability of their main witness, they would be unable to do so at that time. Their request for an adjournment was granted, whereupon defendant raised this claim for the first time.
The principles of double jeopardy are codified in CPL article 40. A person may not be twice prosecuted for the same offense. (CPL 40.20.) So far as is relevant to the facts herein, CPL 40.30 (1) (b) provides that a person is prosecuted for an offense, within the meaning of section 40.20, when he is charged by an accusatory instrument and when the action proceeds to the trial stage and a jury has been impaneled and sworn. This requirement accords with the standard set forth by the United States Supreme Court in Downum v United States (372 US 734) which was subsequently made binding on the State under the 14th Amendment in Crist v Bretz (437 US 28). Neither of these cases, nor, for that matter, any reported case in New York, addresses the question of at what point the jury is “impaneled” and/or “sworn”.
In People v Bestle (22 Misc 2d 1088) the failure to swear the jury in a criminal case prior to the taking of testimony was held to be fatal error to the proceedings, and not subject to waiver. However, the court there reversed the lower court’s dismissal of the case, ruling that in order to provide both the People and the defendant a proper determination on the issues, the court should have declared a mistrial and selected a new jury. In People v Williams (13 AD2d 522) where, upon the selection of nine jurors, the court administered the oath to them without awaiting the defendant’s acquiescence with respect to all of the 12 jurors to be *802 selected, the Second Department affirmed based upon “the discretion of the trial court to determine the practice to be adopted at the trial”.
It has always been the practice of this court to conduct three separate swearings in: the first at the time the veniremen are assembled in the courtroom as a panel and prior to their names being called for voir dire; the second, after selection (either singly or as a group, as the case may be) following questioning and the exercise of challenges by both sidés; and the third, following the selection of the complete jury of 12 and 2 alternates, immediately prior to the giving of preliminary instructions. This third swearing in would appear to be the common and accepted practice, and an integral stage in the jury selection procedure. In People v Ortiz (69 AD2d 825) the trial court’s procedure required that each juror be removed to the jury room after he or she was sworn to await the selection of the entire panel, thus separating the sworn jurors from the prospective jurors during the continued voir dire. The Second Department, in affirming, held that the procedural objection was waived since it was not raised until after the entire panel had been sworn, at which point the trial court “could not have followed a different procedure, in the exercise of its discretion, even if it had been so inclined”.
The defendant, in support of this motion, cites People v Morales (69 AD2d 536 [2d Dept 1979]). In Morales, the prosecutor, in a Bench conference held prior to making his opening statement, stated that because of certain rulings made by the court, his case was rendered so weak that the People would be unable to proceed to trial, and requested that the trial be held in abeyance so that the People could take an appeal. The trial court denied the application, issued an order of dismissal, and discharged the jury. The dismissal was affirmed on appeal and since the Trial Judge’s termination of the proceedings was found to have been made on a basis related to the guilt or innocence of the defendant, jeopardy was held to have attached and thus a new trial barred (69 AD2d, at p 543). However, the jury in Morales had been impaneled and sworn. In the instant case, the jury, while it may have been impaneled, was not sworn. It is this critical distinction which sets Morales apart from the instant case and defeats the defendant’s claim that jeopardy attached.
Moreover, even if the jury were found to be “impaneled and sworn”, it is clear in the instant case that the defendant consented to the agreement reached by all parties. An individual cannot plead double jeopardy where the jury before which he *803 was first on trial was discharged on his own motion or with his consent. (Barrett v Bigger, 17 F2d 669; Leigh v United States, 329 F2d 883.) Such consent may be express or implied from the totality of circumstances (United States v Goldman, 439 F Supp 358) but consent, whether express or implied, removes any double jeopardy bar to a mistrial. (United States v Smith, 621 F2d 350; United States v Goldstein, 479 F2d 1061 [2d Cir], cert denied 414 US 873.)
Here, the defendant’s attorney was present at the Bench conference at the time the Assistant District Attorney stated that he would request that the jury be disbanded in the event he would be unable to procure his witnesses; he informed his client of the nature of the conference, but neither raised any objection at that time. Both defense counsel and defendant were present at the time this agreement was placed on the record. No objection was made by either individual. The swearing in of the individual jurors, as well as the alternates, as each was selected, was done in the presence of, and without the objection of, both defense counsel and defendant. Finally, when the case was sent to another part for jury selection, the Assistant District Attorney informed the Judge presiding there of the problem he faced; nevertheless, defense counsel expressed his desire for an immediate trial and voir dire. It is clear from the totality of the circumstances that defense counsel impliedly consented to the discharge of the unsworn jury, since in addition to agreeing to the procedure adopted, he at no time objected despite an opportunity to do so. (United States v Smith, supra.) Accordingly, there is no basis upon which the defendant can raise a claim of double jeopardy.
In view of all of the foregoing, the defendant’s motion is in all respects denied.