THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
HECTOR MORALES, Appellant.

Second Department, May 31, 1991

---

**APPEARANCES OF COUNSEL**

*Joseph I. Stone* for appellant.

*Charles J. Hynes, District Attorney (Jay M. Cohen, Anthea H. Bruffee* and *Robyn G. Nir* of counsel), for respondent.

**OPINION OF THE COURT**

BALLETTA, J.

We are called upon in this case to determine whether the failure to administer the oath to the trial jury until the conclusion of the People's case requires a reversal of the defendant's conviction. We now answer that question in the negative and hold that in the absence of prejudice, a delay in swearing in the jury will not warrant reversal. Accordingly, we affirm the judgment of conviction.

On May 11, 1987, the defendant entered an apartment located on 15th Avenue in Brooklyn. A seven-year-old boy and a six-year-old girl were alone in the apartment. The defendant took the girl into the bathroom where he removed her dress, pantyhose and shoes. The young boy, hearing the girl's screams, ran out of the apartment and down the hall looking

for her mother. When the mother and another neighbor returned to the apartment, the defendant fled. However, the police were immediately called, and the defendant was arrested only a few blocks away.

The defendant was charged with burglary in the second degree and endangering the welfare of a child. After a jury trial, the defendant was convicted of both offenses and sentenced to concurrent terms of 4 to 12 years' imprisonment and one-year imprisonment, respectively.

During the course of the trial, at the conclusion of the People's case and just prior to the commencement of the defendant's case, the court advised both sides that the jury had never been sworn. The oath was administered at that time, and the jurors were asked to affirm that they would try the case fairly. When the defendant was asked if he had an objection, the defense counsel merely responded, "Just note an objection to the time, that's all". There was no request for a mistrial or for any further instruction.

## I

■ The defendant contends on appeal that a mistrial should have been granted since the jury was not sworn until after the completion of the People's case. Any issue of law with respect to this contention is unpreserved for appellate review. The defense counsel's belated objection did not qualify as a request for a mistrial (see, CPL 470.05 [2]).

■ ■ In any event, upon review of the contention in the exercise of our interest of justice jurisdiction, we find that the delay in swearing in the jury was harmless under the circumstances of this case.

CPL 270.15 (2) states, in relevant part, that: "The prospective jurors who are not excluded from service must retain their place in the jury box and must be immediately sworn as trial jurors. They must be sworn to try the action in a just and impartial manner, to the best of their judgment, and to render a verdict according to the law and the evidence".

Similarly, CPL 270.05 states that: "[t]he first twelve members of the [jury] panel returned for the term who appear as their names are drawn and called, and who are not excluded as prescribed by this article, must be sworn and thereupon constitute the trial jury" (CPL 270.05 [2]).

Reference should also be made to CPL 260.30, which sets forth the general order of the stages of a jury trial, with the

initial stage being when "[t]he jury [is] selected and sworn" (CPL 260.30 [1]). However, despite the provisions of CPL 260.30, the statutory scheme setting forth the order of a trial is not written in stone, and there is a certain amount of flexibility inherent in the trial process. In an analogous situation, the Court of Appeals has had occasion to note, as follows: "In this State the order of trial in criminal cases is fixed by statute (CPL 260.30, formerly Code Crim. Pro., § 388). The statutory framework however is not a rigid one and the common-law power of the trial court to alter the order of proof 'in its discretion and in furtherance of justice' remains at least up to the time the case is submitted to the jury" (*People v Olsen,* 34 NY2d 349, 353, quoting from *People v Benham,* 160 NY 402, 437; *see also, People v Harami,* 93 AD2d 867).

Although there exist statutory provisions which speak in general terms of having the selected jurors sworn prior to the commencement of a trial, there are few cases which have addressed the issue now confronting the court. There are apparently only two cases involving a delay in the swearing in of a jury, *People v Jamerson* (99 AD2d 816), relied upon by the defendant, and *People v Bestle* (22 Misc 2d 1088), a Herkimer County case from 1960.

In *People v Jamerson (supra),* this court held that the failure to swear several jurors until the day after they were selected to serve was harmless since no action was taken before they were sworn. We do not agree with the defendant's contention that *Jamerson* implies that if any action is taken prior to the jury being sworn, reversible error has occurred. There is nothing in the language of *Jamerson* which would support such an expansive rule. The court in *Jamerson* merely held that under those facts, reversal was unwarranted (the court reversed on other grounds). The issue in the present case was not before the court in *Jamerson.*

In *People v Bestle (supra),* the trial had commenced and some evidence had been taken before it was discovered that the jury had not been sworn. The Justice of the Peace granted a defense motion to dismiss the case on that basis. On appeal, the County Court held that the failure to swear the jury was a fatal error but that a mistrial, rather than dismissal, was the appropriate remedy. However, since *Bestle* is not mandatory authority and predates this court's decision in *Jamerson (supra)* which suggests that a harmless error analysis may be applied, it must be viewed as being somewhat of an anomaly.

Rather, we believe that the line of cases from other States and Federal courts which hold that a delay in swearing a jury is merely a technical deviation and not per se reversible error represents a more equitable resolution of the problem *(see, State v Apodaca,* 105 NM 650, 735 P2d 1156; *State v Poulin,* 507 A2d 563 [Me]; *State v Huntley,* 438 So 2d 1188 [La]; *State v Godfrey,* 136 Ariz 471, 666 P2d 1080; *Hollis v People,* 630 P2d 68 [Colo]; *State v Frazier,* 339 Mo 966, 98 SW2d 707; *Garner v State,* 206 Ala 56, 89 So 69; *see also, United States v Hopkins,* 458 F2d 1353). Indeed, the Supreme Court of the State of Vermont has recently adopted the majority viewpoint that the delayed swearing of a jury was not per se reversible error *(see, State v Roberge,* 582 A2d 142 [Vt]). In *Roberge,* as in this case, the jury was not sworn until the conclusion of the State's case. Likewise, in the case of *United States v Hopkins (supra),* the jurors were not sworn until after the prosecution had presented its case. The court held that since the jurors were sworn prior to deliberations and the defendant had failed to show any prejudice, the delay was harmless.

Similarly, in the case at bar, the jury was sworn prior to deliberations, the defendant has not indicated in what manner he may have been prejudiced by the delay, and there is no suggestion that the jurors disregarded their obligations. Under these circumstances, the delay in swearing the jury was no more than a technical deviation and does not require reversal. In light of the overwhelming evidence of the defendant's guilt, the delay in swearing the jury constituted harmless error.

## II

With respect to the defendant's other contentions, we find that the hearing court properly denied suppression of the defendant's showup identification by the victim and her mother. A showup need only be suppressed when it is found, upon a totality of the circumstances, that the confrontation was so unnecessarily suggestive and conducive to irreparable mistaken identification that the defendant was denied due process of law *(see, Stovall v Denno,* 388 US 293; *People v Logan,* 25 NY2d 184, 194, *cert denied* 396 US 1020). In the instant case, the showups were conducted within a half hour of the incident and in close proximity to the crime scene. When the victim and her mother identified the defendant, he was not wearing handcuffs. They identified him without hesitation. This court has repeatedly held that showups which are

close in time and location to the scene of the crime are appropriate measures to secure prompt and reliable identifications *(see, People v Cardwell,* 158 AD2d 533; *People v Dennis,* 125 AD2d 325).*

Further, contrary to the defendant's argument, the prosecutor's comments and trial tactics did not deprive the defendant of a fair trial. As a general rule, reversal for prosecutorial misconduct is mandated only when the misconduct results in substantial prejudice to the defendant so that he or she is deprived of a fair trial *(see, People v Morgan,* 66 NY2d 255; *People v Roopchand,* 107 AD2d 35, 36, *affd* 65 NY2d 837). There is no such prejudice in the case at bar.

■ The defendant's remaining contentions are unsupported by the record. In any event, even if the defendant were correct in asserting that there were technical errors at the trial, they would be harmless in light of the overwhelming evidence of his guilt. He was seen in daylight by the victim and her mother, the neighbor who struggled with him, and the neighbor's daughter. The defendant was followed and kept in sight almost continuously. Further, he was arrested in close proximity to the crime scene, and the victim and her mother identified him in a street showup without hesitation within a half hour of the incident. The neighbor and her daughter also identified the defendant, and he gave inculpatory statements to the police.

■ Finally, the sentence, which was less than the maximum, was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

BROWN, J. P., KUNZEMAN and EIBER, JJ., concur.

Ordered that the judgment is affirmed.