**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 18, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JASON ALAN CAPPELLI,

        Petitioner-Appellant,

v.

ARISTEDES ZAVARAS,[*] Executive
Director; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

        Respondents-Appellees.

No. 06-1035
(D.C. No. 04-CV-00237-WYD)
(D. Colo.)

**ORDER AND JUDGMENT**[**]

Before **HENRY** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

Jason Alan Cappelli, a Colorado state prisoner, filed a 28 U.S.C. § 2254

petition for a writ of habeas corpus. The federal district court denied relief and

---

[*]     Pursuant to Fed. R. App. P. 43(c)(2), Aristedes Zavaras, the executive
director of the Colorado Department of Corrections (CDOC), is substituted for
Joe Ortiz, the former executive director of the CDOC, as appellee in this action.

[**]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

denied a certificate of appealability (COA). Mr. Cappelli appealed. This court granted a COA and ordered briefing as to "whether the absence of a sworn arrest warrant violated the Fourth Amendment and affected the validity of the proceedings to revoke Mr. Cappelli's probation. . . . , including whether the district court correctly applied *Stone v. Powell*, 428 U.S. 465 (1976), to an arrest warrant." Order at 4. Our jurisdiction arises under 28 U.S.C. §§ 1291 and 2253(a), and we affirm the district court's denial of Mr. Cappelli's § 2254 habeas corpus petition.

## I. Background

In exchange for the dismissal of three other charges, Mr. Cappelli pled guilty to one felony charge of attempted second-degree burglary and one misdemeanor charge of theft. Pursuant to the plea agreement, the parties entered into a stipulation for a deferred judgment and sentence, under which the entry of judgment and conviction on Mr. Cappelli's plea was deferred for four years from June 21, 1996. As a result, he was placed on probation for the four-year period during which the judgment and sentence on the felony charge were deferred, and he received one year of probation on the misdemeanor charge, to run concurrently.

On April 11, 2000, Mr. Cappelli's probation officer filed a complaint for revocation of his deferred judgment and sentence on the felony charge, alleging that he had violated two terms of the stipulation: he had committed a criminal

-2-

offense during the deferral period, and he had failed to pay restitution and court costs. On April 12, 2000, the Colorado trial court issued a warrant for the arrest of Mr. Cappelli, who was, at that time, in the custody of the Colorado Department of Corrections (CDOC) on other charges.

Through counsel, Mr. Cappelli filed a motion to quash the probation officer's revocation complaint, asserting that the Colorado trial court lacked jurisdiction because the complaint was signed by the probation officer, not the district attorney. The trial court received briefing on the motion, conducted two hearings on the issue, and denied Mr. Cappelli's motion—concluding that even in the absence of the district attorney's signature, the probation officer's revocation complaint satisfied the requirements of the relevant state statute, Colo. Rev. Stat. § 16-7-403. After a revocation hearing, the trial court held that the state had proven both counts of the revocation complaint, entered a judgment of conviction on the underlying felony charge to which Mr. Cappelli had originally pled guilty, and sentenced him to eighteen months' imprisonment in the CDOC.

In 2001, Mr. Cappelli appealed, contending the Colorado trial court did not have jurisdiction (1) to consider the revocation complaint because it was not signed by the district attorney, or (2) to issue the arrest warrant because it was predicated upon the unsworn revocation complaint signed by the probation officer, instead of a written oath or affirmation as required by the state and federal constitutions. In May 2002, the Colorado Court of Appeals affirmed the

-3-

revocation of Mr. Cappelli's deferred judgment and sentence, holding, as to the first issue raised, that *People v. Zabala*, 706 P.2d 807, 808 (Colo. Ct. App. 1985), was "dispositive," and that Mr. Cappelli's reliance on *People v. Berquist*, 916 P.2d 629, 630-31 (Colo. Ct. App. 1996), was "misplaced." Aplt. App. at 70. The Court of Appeals likewise rejected the second issue raised by Mr. Cappelli, stating that Colo. Rev. Stat. § 16-7-403

> requires the trial court to rely upon the "report of a probation officer," not, as the defendant suggests, a sworn application. Consistent with the statute, the trial court reviewed the probation officer's complaint and based thereon found probable cause that defendant had violated the conditions of his stipulation and that a warrant was reasonably necessary.
>
> Defendant does not articulate how he was prejudiced by the issuance of the warrant. In fact, when the arrest warrant was issued, the evidence to support the revocation had been gathered, and defendant was already incarcerated at the Department of Corrections for a separate conviction; therefore, the error, if any, was harmless. See Hollis v. People, 630 P.2d 68, 69 (Colo. 1981) (error is harmless where no prejudice is shown). Thus, we reject this contention.

Aplt. App. at 71-72. In December 2002, the Colorado Supreme Court denied Mr. Cappelli's petition for a writ of certiorari. Mr. Cappelli did not initiate any state post-conviction proceedings.

Mr. Cappelli then filed a pro se 28 U.S.C. § 2254 petition for a writ of habeas corpus in the United States District Court for the District of Colorado. In this timely petition, he alleged that the Colorado trial court lacked jurisdiction because the district attorney did not sign the revocation complaint, thereby

violating the prohibition against ex post facto laws. After respondents filed their answer, Mr. Cappelli, through counsel, filed a response in which he alleged that the Colorado trial court had violated the Fourth Amendment because it lacked jurisdiction to issue an arrest warrant based upon the probation officer's unsworn revocation complaint.

In an order filed December 22, 2005, the federal district court held that Mr. Cappelli's ex post facto argument had not been exhausted in state court and was procedurally barred. Turning to the Fourth Amendment claim, the federal district court stated that "[a]n examination of the briefs in the state case confirms that Mr. Cappelli raised a Fourth Amendment argument before the state appeals and supreme courts." Aplt. App. at 103; *see also id.* at 29, 35, 84-85. But the Colorado Court of Appeals did not explicitly address this claim under the Fourth Amendment. *See id.* at 105. Rather, as noted by the federal district court and explained in more detail above, the Colorado Court of Appeals rejected Mr. Cappelli's claim based upon Colo. Rev. Stat. § 16-7-403 and Mr. Cappelli's failure to demonstrate how he was prejudiced by the arrest warrant's issuance. *See* Aplt. App. at 104-05. The federal district court further noted:

> Although the state appeals court did not address the merits of Mr. Cappelli's Fourth Amendment claim, Mr. Cappelli alleges in his [§ 2254 response] that the state trial court addressed the Fourth Amendment claim through his motion to quash. [And,] [a]s Mr. Cappelli . . . points out in [the response], he clearly had the opportunity to litigate the Fourth Amendment claim in state court.

*Id.* at 105; *see also id.* at 91-93.  As such, the federal district court held that *Stone v. Powell* barred Mr. Cappelli's Fourth Amendment claim.  *Stone*, 428 U.S. at 482 ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."); *Gamble v. Okla.*, 583 F.2d 1161, 1165 (10th Cir. 1978) (explaining that an "[o]pportunity for full and fair consideration includes, but is not limited to, the procedural opportunity to raise or otherwise present a Fourth Amendment claim," a "full and fair evidentiary hearing contemplated by *Townsend* [*v. Sain*, 372 U.S. 293 (1963)]," and "recognition and at least colorable application of the correct Fourth Amendment constitutional standards" (internal quotation marks and footnote omitted)).  In particular, the court observed:  "Mr. Cappelli does not argue that he did not have a procedural opportunity to litigate his Fourth Amendment claim in state court or that the state courts either failed or refused to apply the correct and controlling constitutional standards."  Aplt. App. at 106.  *See also id.* at 4-9 (§ 2254 habeas petition); *id.* at 88-93 (§ 2254 response).

Thereafter, the federal district court denied Mr. Cappelli a COA, ruling that he had not "made a substantial showing of the denial of a constitutional right." Aplt. App. at 111 (quoting 28 U.S.C. § 2253(c)(2)).  Mr. Cappelli subsequently sought from us a COA, essentially lodging the same arguments he had lodged in

-6-

the federal district court. *See* 28 U.S.C. § 2253(c)(1)(A). As previously mentioned, this court granted his request for review, in part, and ordered briefing as to "whether the absence of a sworn arrest warrant violated the Fourth Amendment and affected the validity of the proceedings to revoke Mr. Cappelli's probation. . . . , including whether the district court correctly applied *Stone v. Powell*, 428 U.S. 465 (1976), to an arrest warrant." Order at 4.

## II. Discussion

Mr. Cappelli argues that the district court incorrectly precluded federal habeas review by misapplying *Stone* because *Stone* "addressed the availability of federal habeas corpus relief on Fourth Amendment suppression issues, [but did not address] the Fourth Amendment as a whole." Aplt. Reply Br. at 1-2 (emphasis omitted). He also contends, in conclusory fashion, that the state courts "ignored the plain language of the Fourth Amendment, and did so in a manner which constituted an unreasonable interpretation of controlling federal law, by holding that the state could authorize a warrant upon less than the requirements found in the express language of the Fourth Amendment." *Id.* at 6. This contention, however, was not raised in the federal district court. *See* Aplt. App. at 4-9 (§ 2254 petition); *id.* at 88-93 (§ 2254 response); *id.* at 106 (observing that Mr. Cappelli did not, in the federal district court, argue "that the state courts either failed or refused to apply the correct and controlling constitutional standards"). Further, Mr. Cappelli has failed "to articulate a reason for us to

depart from the general rule that" this court will not consider an issue that was not raised in the district court. *Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992) (internal quotation marks omitted). Accordingly, we decline to consider this argument. *See id.*

Respondents counter that *Stone* "is broad enough to exclude all Fourth Amendment claims." Aplee. Br. at 8 (relying on *United States v. Johnson*, 457 U.S. 537, 563 n.20 (1982) ("After *Stone v. Powell* . . . , the only cases raising Fourth Amendment challenges on collateral attack are those federal habeas corpus cases in which the State has failed to provide a state prisoner with an opportunity for full and fair litigation of his claim, analogous federal cases under 28 U.S.C. § 2255, and collateral challenges by state prisoners to their state convictions under postconviction relief statutes that continue to recognize Fourth Amendment claims.")). Respondents also assert that even though "the Colorado probation revocation statutes refer to a 'warrant,' this is simply not the same type of warrant referred to in the Fourth Amendment." Aplee. Br. at 11 (citing Colo. Rev. Stat. § 16-11-205(6)).[1]

_____

[1]     Colo. Rev. Stat. § 16-11-205(6) (2000), in effect at the time the warrant for Mr. Cappelli's arrest was issued, provided:

A warrant for the arrest of any probationer for violation of the conditions of probation may be issued by any judge of a court of record upon the report of a probation officer or upon the verified complaint of any person, establishing to the satisfaction of the judge

(continued...)

-8-

We review de novo whether a petitioner is precluded under *Stone v. Powell* from litigating a Fourth Amendment claim in a § 2254 habeas proceeding. *Miranda v. Cooper*, 967 F.2d 392, 401 (10th Cir. 1992). Here, the record reflects that Mr. Cappelli raised his Fourth Amendment claim in the state courts. He was afforded two hearings in the Colorado trial court on his motion to quash the probation officer's revocation complaint. The trial court determined that probable cause existed for the arrest warrant. The Colorado Court of Appeals affirmed the trial court's determination of probable cause. And, Mr. Cappelli waived his argument that the state courts "ignored the plain language of the Fourth Amendment." Aplt. Reply Br. at 6. Even if he had not waived this argument, he points to no authority mandating reversal but ignored by the state court, and we have found none. *Cf. Gamble*, 583 F.2d at 1163 (disapproving state court's application of principles "flatly condemned by the United States Supreme Court"). Accordingly, the district court correctly determined that Mr. Cappelli is not entitled to habeas corpus relief on his Fourth Amendment claim.

---

[1](...continued)
probable cause to believe that a condition of probation has been violated and that the arrest of the probationer is reasonably necessary. The warrant may be executed by any probation officer or by a peace officer authorized to execute warrants in the county in which the probationer is found.

### III. Conclusion

The judgment of the district court is AFFIRMED.

Entered for the Court

Wade Brorby
Senior Circuit Judge