## STARK *v.* STATE.

(In Banc.  Oct. 29, 1923.)

[97 South. 577.  No. 23438.]

CRIMINAL LAW. *Jury. Failure to swear jurors until after state rested held error, but harmless.*

In the trial of a felony case, three talesmen, who were members of the jury trying the defendant, were not sworn as required by section 2713, Code of 1906 (section 2206, Hemingway's Code), until after the state had finished its evidence and rested 'ts case, when the oath was administered over the objection of the defendant. *Held,* that the action of the court in failing to administer the oath required by said statute was erroneous, but that the error was harmless, because of the fact the oath was administered before the jury retired to consider their verdict.

Cook, J., dissenting.

APPEAL from circuit court of Tippah county.

HON. A. D. PATTERSON, Special Judge.

Walter Stark was convicted of an attempt to unlawfully manufacture intoxicating liquors, and he appeals. Affirmed.

*B. N. Knox* and *Fred B. Smith,* for appellant.

The record discloses that the regular panel having been exhausted during the trial of appellant, three talesmen were called from the bystanders to serve as jurors in the case. These three talesmen were not sworn as jurors until afted all the testimony for the state had been intro-duced, and after the jury had one time retired out of the presence of the court, then over the objection of the defendant in the lower court, the court directed the oath of jurors to be administered to the three.

The court overruled defendant's objection on the authority of *Boroum* v. *State,* 105 Miss. 887.

A close study of the Boroum case will reveal the fact that it is an authority in favor of the appellant in this case, and against the appellee. Therefore we desire to call the court's attention to this case, and request a close study of the opinion rendered on suggestion of error. This latter opinion in that case most strongly inferred, if it did not directly hold, that the failure to administer the oath to jurors until after the trial had been partially completed, was fatal error if taken advantage of, and objected to before same is cured by verdict as provided in section 1413 of the Code of 1906, section 1168 of Hemingway's Code.

On passing on the suggestion of error the court sustained its former opinion solely on the ground that defendant had not taken advantage of the error at the proper time, and same was cured by the statute heretofore referred to.

For the statute pertaining to the oath of petit jurors, see section 2713 of the Code of 1906, section 2206 of Hemingway's Code.

It will be noted from the language of this statute that they shall be sworn to try all issues which "may be submitted to them." It is clearly the intention of that statute that the oath shall be administered before the issue is submitted and not after. It is not to try all issues which have been submitted to them, but which "may be submitted to them." The word "may" as there used clearly refers to the future. All the issue on the part of the state were submitted to the jury in this case before a part of their number were shown.

Our court has frequently held that a jury within the meaning of the constitution must be composed of twelve men. *Byrd* v. *State,* 1 How. 163. They have also held that a verdict by six men, or eleven men, is absolutely void. *Scott* v. *State,* 70 Miss. 247, and *Jones* v. *State,* 27 So. 382. Therefore we see that the fact that nine of the jurors who tried this case were duly qualified makes no difference, if one was not qualified it is the same as if none were qualified. These twelve men, so selected, must be impaneled and sworn to try the case, and then and then alone do they become a jury within the meaning of the constitution. And I find that our own court has recently so held, in *Miller* v. *State,* 122 Miss. 39. The court quoted with approval from *Howard* v. *State,* 80 Tex. Cr. R. 588, 192 S. W. 770, L. R. A. 1917 D, 391.

The recent decision of this court in the case of *Miller* v. *State,* 122 Miss. 19, is decisive. It is true that in that case the defendant was charged with a capital offense, but the principle is the same. The defendant in this case was charged with a felony, and was entitled to have his case submitted to a legal jury. We can apply with equal force in this case the statement of the court in that case, as found on page 38 of the report: "The case had already been tried, so far as the evidence was concerned before the jury was sworn to consider the proof and try the issue joined. When the jury heard the testimony they were

but little more than mere spectators, listening to the witnesses, since they were not under oath to try the issue joined; they did not receive the testimony while they were bound by the sanctity of the oath. . . ."

*S. C. Broom,* Special Assistant Attorney-General for the state.

Counsel for appellant relies upon the case of *Miller* v. *State,* 122 Miss. 19, for a reversal, because of the failure to swear three of the jurors, as aforesaid. An examination of this case, however, will disclose that this is a construction of a special statute with reference to capital cases, the same being section 1483 of the Code of 1906. Whereas the section involved in the present case is 2713 Code of 1906, section 2206 of Hemingway's Code, which deals with petit jurors.

We confidently maintain that cases other than capital cases, are controlled by the rule laid down in the case of *Boroum* v. *State,* 105 Miss. 887. In this case the court in substance held: "That where in impaneling a jury seven of the jurors were not sworn until after the jury had retired to consider their verdict, when they were returned to the court room and were properly sworn, this defect was cured and could not be taken advantage of for the first time on appeal since under the Code of 1906, section 1413, so providing, no judgment shall be reversed after the same is rendered, for any defect which might have been taken advantage of before verdict, and which shall not have been so urged."

Now we submit that the same rule would apply in a capital case, except for the fact that there is a special statute, to-wit: Section 1483, Code of 1906, which is mandatory and absolutely requires that this special oath be administered in capital cases.

We make this distinction between capital cases and others: In a capital case it matters not whether a record shows that the cause of the defendant was prejudiced by failure to swear the jurors, because there is a statute

which says that in capital cases they should be sworn in
a certain way, whereas there is no such statute in other
than capital cases, and in the absence of such a statute,
then it must be shown that a failure to swear jurors was
prejudicial to the rights of the defendant.

We submit that this sounds reasonable, just, and in
keeping with the authorities herein cited. And if this
be true then of course it is folly to say that the defend-
ant's cause was prejudiced by this oversight on the part
of the judge to swear these three jurors at the time they
were accepted on the jury.

PER CURIAM:—Appellant, Walter Stark, was indicted
and convicted in the circuit court of Tippah county of
an attempt to manufacture intoxicating liquors, and sen-
tenced to the penitentiary for one year, from which judg-
ment he prosecutes this appeal.

The principal ground urged for the reversal of the case
is that the three talesmen, who were members of the jury
which tried appellant, were not sworn as jurors until
after the state had finished its evidence and rested. When
the evidence for the state was concluded, the trial judge,
remembering that these three jurors had not been sworn,
had the clerk administer the oath to them required by the
statute, to which appellant objected.

Appellant argues that such delay in administering the
oath to these three jurors was fatal error; that these three
jurors during the trial were no more than mere bystanders.
On behalf of the state it is contended that, the oath having
been administered to these jurors before they retired to
consider their verdict, the failure to administer it before
the trial began was harmless error.

Appellant relies on *Miller* v. *State,* 122 Miss. 19, 84 So.
161, while the state relies on *Boroum* v. *State,* 105 Miss.
887, 63 So. 297, 457. In the Miller case the evidence for
both the state and the defendant had been closed, and the
court had under consideration the instructions in the
case. It was then discovered that the special oath re-
quired by section 1483, Code of 1906 (section 1241, Hem-

ingway's Code), to be administered to juries in capital cases, had not been administered. Thereupon the court proceeded to administer the required oath, to which action of the court the defendant objected, and moved the court to enter a mistrial. This court held that the failure to administer the special oath required in capital cases was fatal error; that without it there could be no trial. The Boroum case involved the trial of a misdemeanor. It was held in the latter case that the failure to administer the oath to talesmen, required by section 2713, Code of 1906 (section 2206, Hemingway's Code), until after the case had been closed and the jury had retired to consider their verdict, but before the consideration thereof, was harmless error.

Section 2713, Code of 1906 (section 2206, Hemingway's Code), prescribing the oath to be administered to the regular juries, as well as talesmen, contemplates that it shall be done at the time the regular panels are organized and when the talesmen are accepted, and before any trial shall take place, and simply provides that they shall be sworn to well and truly try all issues and execute all writs of inquiry submitted to them during the term, and a true verdict render according to the evidence. The form of the special oath to be administered to jurors in a capital case is that they will well and truly try the issue between the state and the prisoner, and a true verdict give according to the law and the evidence.

Judges SMITH, ETHERIDGE, and ANDERSON are of opinion that there is no difference in principle between a failure to specially swear the jury in a capital case and a failure to swear it in a noncapital case until after the evidence is concluded, but before the jury retires to consider their verdict. They are of opinion that an oath administered after the evidence is closed, but before the jury shall retire to consider their verdict, carries just as much sanctity as an oath administred before any of the evidence is heard; that the required oath in no wise aids the jury in hearing, seeing, or understanding; that it has no virtue or sanctity until the jury have reached the point of con-

sidering their verdict; that the principle laid down in the Miller case is unsound and mischievous and therefore it ought to be overruled; that therefore the failure to swear the three jurors in this case was harmless, and, notwithstanding the error, they vote to affirm the case.

Judge COOK agrees with Judges SMITH, ETHRIDGE, and ANDERSON that, so far as the question involved is concerned, there is no difference whether the case be a capital case or a noncapital case, but, in view of the fact that, in his opinion, the court on suggestion of error finally rested the decision of the Boroum case on the fact that the omission complained of was not taken advantage of before verdict as required by statute, he is of the opinion that there is no conflict between the Boroum and Miller cases, and that both are sound, and therefore neither should be overruled. He holds that the Miller case is decisive of this case in favor of appellant, and therefore votes to reverse and remand the case.

Judgs SYKES and HOLDEN are of opinion that, by virtue of the difference in the special oath required to be administered to the juries in capital cases and the oath required to be administered in noncapital cases, and the difference in gravity of the two grades of crime, there is a distinction between the two classes of cases, and a failure to administer the special oath in a capital case is vital error, while in a noncapital case it is not; and they agree with Judge COOK that there is no conflict between the Boroum and the Miller cases; that both are sound, and neither of them should be disturbed. They therefore vote to affirm.

One other question, whether there is variance between the indictments and proof, is argued on behalf of appellant, as to which all the members of the court agree there is no merit. It is not deemed of sufficient gravity or importance to the bench or the bar to call for an opinion.

The result of the varying opinions of the members of the court is that five of them vote for an affirmance of this case, while one votes to reverse it.

*Affirmed.*