298 So.2d 690 (1974)
Jessie James THOMAS
v.
STATE of Mississippi.
No. 47993.
Supreme Court of Mississippi.
August 12, 1974.
Rehearing Denied September 3, 1974.
George S. Shaddock, Pascagoula, for appellant.
A.F. Summer, Atty. Gen., by Billy L. Gore, Sp. Asst. Atty. Gen., Jackson, for appellee.
*691 WALKER, Justice:
This appeal is from a conviction had in the Circuit Court of Jackson County, Mississippi, wherein the appellant was indicted, tried and convicted of armed robbery and sentenced to serve fifteen years in the State Penitentiary.
This is the second occasion for this case to be before this Court, the first being Thomas v. State, decided May 29, 1973, and reported at 278 So.2d 469 (Miss. 1973), wherein same was reversed and remanded for failure to grant unto the appellant an instruction dealing with intent.
The record reveals that prior to April 26, 1972, a burglary had allegedly taken place in Jackson County, Mississippi; that the police officers had been given a description of an automobile bearing a Texas license plate, allegedly having been used in the burglary; that on the evening of April 26, 1972, the vehicle in question was spotted at a local motel and staked out by two police officers, the alleged victims of the armed robbery; that the appellant and two females left the motel in the vehicle in question and were stopped by the officers; that after the stopping of the vehicle, a conversation developed over a warrant with both officers being disarmed by the appellant; that following the disarming of the officers, the appellant directed that the officers drive him to a remote location, where he handcuffed both to a tree, and that the appellant then drove off in the police car and was later apprehended a short distance away, having parked the police car and placed his firearms on the ground in front of the car with the headlights on.
The appellant contends, among other things, that the lower court erred in failing to quash the jury panel for failure to swear the jury as required under Mississippi Code Annotated section 13-5-73 (1972), which provides, in part, as follows:
The jurors in a capital case shall be sworn to "well and truly try the issue between the state and the prisoner, and a true verdict give according to the evidence and the law."
The record reveals that after the jury was impaneled the state called its first witness, Thomas Huntley, and the following transpired:
BY MR. LOCKARD:
Q. Would you give your name to the court reporter, please?
A. Thomas Huntley.
Q. What is your occupation?
A. Detective, Jackson County Sheriff's Department in Pascagoula, Mississippi.
Q. Were you so employed on April the 26th, 1972?
A. Yes, sir, I was.
Q. Did you have occasion to come in contact with the Defendant, Jessie Thomas, on that day?
A. Yes, sir, I did.
Q. Would you tell the ladies and gentlemen on the jury 
BY MR. SHADDOCK: May it please the Court, before we go any further, I would like to have the jury excused to make a motion, if we may.
BY THE COURT: All right.
(Jury was excused from courtroom.)
BY MR. SHADDOCK: Comes now the Defendant, Jessie Thomas, by and through his attorneys, and moves the Court to declare a mistrial and quash the jury panel which has been selected to serve in this case for failure to comply with the laws of the State of Mississippi in swearing this jury in accordance with the laws, the Defendant having been charged under the capital offense statute.
BY THE COURT: No testimony having been taken, I will allow the jury to *692 at least come in and be sworn on this case. Motion will be overruled.
(Jury thereupon returned to the courtroom and was duly sworn in by the Clerk.)
(The bailiffs were thereupon duly sworn in by the Clerk.)
BY THE COURT: All right. You may proceed.
BY MR. LOCKARD: (Continuing)
The appellant contends that since the jury was not given the special oath as required by statute in a capital case until after the taking of testimony had begun, the court committed reversible error by failing to declare a mistrial and quash the jury panel as requested by defense counsel's motion. In support of this contention, the appellant cites Miller v. State, 122 Miss. 19, 84 So. 161 (1920). In that case the jurors were sworn to answer questions as to their qualifications on the voir dire examination. After it appeared that twelve jurors were qualified to sit in the case, they were accepted by both the state and the defendant. Immediately following the acceptance of the jury, the testimony for the state and the defendant was introduced, and both sides rested. At this juncture, the court took a recess for about two hours, and on reconvening, the instructions were passed upon. It was then discovered and made known for the first time that the jury had not been sworn "to `well and truly try the issue between the state and the prisoner, and a true verdict give according to the evidence and the law.'" Whereupon the court then and there proceeded to swear the jury to try the issue joined as required by then section 1483, Code of 1906, which is the same as the present Mississippi Code Annotated section 13-5-73 (1972). To this action of the court the accused then and there objected, and moved the court to enter a mistrial in the case, which was overruled by the court. On appeal, this Court reversed, saying:
The case had already been tried, so far as the evidence was concerned, before the jury was sworn to consider the proof and try the issue joined. When the jury heard the testimony they were but little more than mere spectators, listening to the witnesses, since they were not under oath to try the issue joined; they did not receive the testimony while they were bound by the sanctity of the oath required in capital cases.
After the jury was sworn to answer questions as to qualifications, it was then necessary under the law that they also take a further oath that they would try the issue joined according to the evidence and the law, and until they took the latter oath they were not a legal jury to try the issue, as contemplated by the law. So, the proceeding, after the oath to try the issue was finally administered, was erroneous because the legal jury then had no evidence before it upon which to act. (122 Miss. at 38, 84 So. at 162).
However, in the case sub judice, the Court's oversight in having the jury sworn as required by section 13-5-73 was brought to its attention immediately after a few preliminary questions had been asked of the first witness in the case; after which, the jury was sworn as required by law and the few questions that had been asked were repeated. We are of the opinion that under the facts of this case there was a technical error but it was harmless error, and under Mississippi Supreme Court Rule 11 it is not reversible. For all practical purposes, this jury heard and considered all of the evidence presented after being duly and legally sworn.
We have carefully considered appellant's assignment of error No. 5 wherein he contends that the lower court erred in failing to sustain the defendant's objection to a statement made by the district attorney in his closing argument to the jury and the court's ruling thereon. We would first *693 point out that the closing arguments were not taken by the court stenographer and we only have the following before us:
[For the State]
BY MR. LOCKARD: ... . if you try him on one, you can't try him on the other.
[For the Defendant]
BY MR. SHADDOCK: I object to that. That's not true.
BY THE COURT: Objection overruled. Under the law of Collateral Estoppel 
BY MR. SHADDOCK: We object to it as being prejudicial.
[For the Defendant]
BY MR. WRIGHT: We object to it. The 
BY THE COURT: All right. Argue the case.
BY MR. LOCKARD: Now, the only thing they say in this is he didn't intend to keep it. All right. Let's take a look. All right. What did he first say. He said, "I intended to call up and get his superior and I called him on the radio and told him where I was going to be." We took 
BY MR. WRIGHT: If the Court please, on behalf of the Defendant, we now move for a mistrial based on counsel's argument being prejudicial.
BY THE COURT: Objection overruled.
......
THE ARGUMENT WAS THEREUPON CONCLUDED, AND THE FOLLOWING PROCEEDINGS WERE HAD OUT OF THE PRESENCE OF THE JURY.
BY MR. SHADDOCK: May it please the Court, for the purpose of the record, during the argument of counsel, the District Attorney made reference to the fact that this Defendant could not be tried for another crime, and Mr. Wright objected and moved for a mistrial, and the Court overruled it.
BY THE COURT: Yes.
BY MR. SHADDOCK: I would like for grounds to further include that the Court made a comment.
BY THE COURT: The Court made a comment because counsel said they could try him for something else and not this case in the Defense counsel's argument and that is not the law as announced by the Supreme Court recently under the Doctrine of Collateral Estoppel because any case or any other indictment that might be returned against the Defendant in this case, Mr. Thomas, this Court would not hear it because all those have been merged by the Doctrine of Collateral 
BY MR. SHADDOCK: Yes, sir, I agree that may be the law but I am not concerned with whether it is the law. I am concerned with the remark made which was prejudicial and intimated to the jury that he couldn't be and, therefore, they could convict him in this case.
BY THE COURT: Well, you intimated he could by his direct statement that he could. So, it will be overruled. I will let you make a record of it, counselor.
BY MR. SHADDOCK: All right. (Emphasis added.)
It does not appear that the appellant made any further record of what had transpired either by Bill of Exceptions or otherwise. The record before us is wholly inadequate to preserve appellant's objection as we are unable to determine in what context the statements were made. Moreover, upon a close reading of the skimpy record that is before us, it appears that the district attorney's statement was precipitated by statements made by defense counsel in his closing argument and the court's comment was simply in explanation of the court's ruling. We have concluded that since appellant did not properly preserve a *694 full record of the incident, the objection was waived.
We have carefully considered the record with reference to the remaining assignments of error and are of the opinion that they have no merit and are not well taken.
The judgment of the lower court is affirmed.
Affirmed.
RODGERS, P.J., and PATTERSON, INZER and BROOM, JJ., concur.