437 So.2d 16 (1983)
Walter Ray SLOANE
v.
STATE of Mississippi.
No. 53885.
Supreme Court of Mississippi.
August 24, 1983.
*17 Julie Ann Epps, Jackson, for appellant.
Bill Allain, Atty. Gen. by Marvin L. White, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, DAN M. LEE and ROBERTSON, JJ.
WALKER, Presiding Justice, for the Court:
This is an appeal from the Circuit Court of the First Judicial District of Hinds County, Mississippi, wherein the appellant, Walter Ray Sloane, was indicted, tried, and convicted of armed robbery. Following conviction he was sentenced to a term of thirty years in the custody of the Mississippi Department of Corrections with twelve years suspended, eighteen to serve. From this conviction and sentence, he appeals. We reverse.
In the evening of February 1, 1981, William Gerald Guthrie, employed by Lancaster Properties, A.J. Realty Company, as apartment manager was at the company's Bailey Avenue Apartments located at Collier and Bailey Avenues in Jackson, Mississippi, for the purpose of collecting rent. While coming out of one of the upstairs apartments with his money bag, he was approached by a black male who, as he got directly beside Guthrie, hit him in the head with a revolver. The assailant made several threatening remarks and, as the two scuffled, was able to secure Guthrie's money bag and fled from the scene. According to Guthrie the area was well lit by a series of light bulbs along the apartment balcony and street lights outside the apartment parking lot.
After the police arrived, Guthrie described his assailant as being in his late 20's, 5'7", 150 pounds, black hair; brown eyes, short afro, and clean shaven.
Sloane was arrested after a positive identification was made from police photographs by Charles Epps, a resident of the apartments and a friend of the appellant. The victim, Guthrie, identified Sloane from a police lineup based upon Sloane's facial features, body structure and stature, height and body weight.
Following trial, the jury returned its verdict, "We, the jury, find the defendant guilty as charged."
On appeal the appellant has assigned several errors. However, as this case requires reversal, we find it necessary to address only the issue regarding introduction into evidence of mug shots of the appellant. It is contended that the mug shots indicated appellant had a prior criminal record. The mug shots in question were a full front and a profile shot of the appellant with the inscription "Police Dept. Jackson, Miss." and identification number "27163." The mug shots had been taken several years prior to the crime for which appellant was being tried and portrayed a much younger Sloane. The mug shots had no connection with this more recent crime.
*18 It is the general rule that evidence of other crimes perpetrated by the accused[1] are generally inadmissible. Black v. State, 418 So.2d 819 (Miss. 1982).
In the recent case of Taylor v. State, 426 So.2d 775 (Miss. 1983), the defendant, accused of rape, assigned as error the introduction of mug shots which implied he had a prior criminal record. The photographs were part of a photographic array from which Taylor was identified as the assailant.
We held the introduction of these photographs was not error because the trial judge required any markings that suggested the individuals in the photographs were criminals to be covered or excised.[2]
The photographs in the present case retained enough identifying marks to indicate they came from police files which would cause jurors to suspect the appellant had a criminal record or had been in trouble with the police.
In United States v. Harrington, 490 F.2d 487 (2nd Cir.1973), the Court outlined three prerequisites to the introduction of mug-shot type photographs in order to preclude their introduction from being error:
(1) The Government must have a demonstrable need to introduce the photographs; and
(2) The photographs themselves, if shown to the jury, must not imply that the defendant had a prior criminal record; and
(3) The manner of introduction at trial must be such that it does not draw particular attention to the source or implications of the photographs. (490 F.2d at 494).
The photographs in this case were introduced during direct examination of Detective Knowles who testified that the photographs were used in a picture lineup as a part of her investigation of the robbery and were shown to several witnesses including Mr. Guthrie, the victim, a Mr. and Mrs. Johnson, residents of the apartments, and Mr. Epps. Mr. Epps made a positive identification of Sloane from the pictures. Sloane did not testify in his own behalf.
The introduction of the mug shots violated all three of the three prerequisites set out in Harrington, supra, in that:
(1) The State has not demonstrated any need for the introduction of the photographs and we are unable to find any relevancy for their introduction. Mr. Epps was a witness for the State and made a positive in-court identification of the defendant Sloane. We are at a loss to understand why they were introduced.
(2) The photographs portrayed a much younger Sloane and under each appeared "Police Dept. Jackson, Miss." and a number "27163" which would make it undeniably clear to the jurors that Sloane had been involved in or was suspected of prior criminal activity.
(3) During the State's questioning of Detective Knowles it was evident that the photographs were some that had been in the police files prior to Sloane's arrest for this crime. Therefore, it was obvious they were taken by the police department during the course of earlier suspected criminal activity on the part of Sloane.
We note that it is permissible to use mug shots when necessary to the State's case or rebuttal that were taken incident to the crime for which the defendant is being tried. However, even then any reference to the police department or identification number indicating the photographs are from police files should be cropped.
Under the circumstances presented by the evidence in this case, we are of the opinion that the introduction into evidence of the mug shots of Sloane constituted reversible *19 error in that they implied that he had a prior criminal record.
For the reasons stated herein, this cause is reversed and remanded for a new trial.
REVERSED AND REMANDED.
PATTERSON, C.J., BROOM, P.J., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
NOTES
[1] However, there are exceptions to this principle. See Gray v. State, 351 So.2d 1342 (Miss. 1977).
[2] Police photographs or mug shots have been around for well over a half a century and prosecutors have avoided using them as borne out by the fact that Taylor, supra, is the only Mississippi case that we can find where they were introduced into evidence. This case comes on the heels of Taylor. We would point out before the practice becomes widespread, that the use of mug shots except when absolutely necessary, is inviting error.