788 So.2d 794 (2001)
Lennis BROOKS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-KA-00279-COA.
Court of Appeals of Mississippi.
January 23, 2001.
Rehearing Denied April 3, 2001.
Certiorari Denied June 21, 2001.
*795 Dan W. Duggan Jr., Brandon, Vicki L. Gilliam, Jackson, Attorneys for Appellant.
Office of the Attorney General by Jean Smith Vaughan, Attorney for Appellee.
Before McMILLIN, C.J., BRIDGES, and MYERS, JJ.

PROCEDURAL HISTORY
MYERS, J., for the Court:
¶ 1. Lennis Brooks was convicted in the Circuit Court of Rankin County for the sale of cocaine. He was sentenced pursuant to Section 99-19-81 of the Mississippi Code to serve a term of thirty years in the Mississippi Department of Corrections without possibility of parole, having been shown to be an habitual offender. He was ordered to pay a fine of one million dollars on or before the 180th day of his release and to pay court costs and assessments in the sum of $248 on or before the 180th day of his release. Mr. Brooks now appeals presenting two issues for our review:
I. THE TRIAL COURT ERRED BY IMPROPERLY ALLOWING THE INTRODUCTION OF PRIOR BAD ACTS/CRIMES EVIDENCE.
II. THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.

FACTS
¶ 2. As the subject of an undercover narcotic investigation, Lennis Brooks sold cocaine to a confidential informant, Richard Forrest. At the request of Rankin County Sheriff's Deputy Bryan Bailey, Richard Forrest made a controlled buy of cocaine from Lennis Brooks. Forrest is a concerned citizen, who has worked with the sheriff's department as a paid informant for over seven years.
¶ 3. The "buy" in question took place on December 30, 1996, and followed the prescribed procedures for an undercover drug buy. Bailey installed a body wire on Forrest, which transmitted the transaction to the listening device and tape recorder in Bailey's truck.
*796 ¶ 4. Forrest went to Celius Ervin's house, and Ervin, along with Forrest, proceeded to another house where they were flagged down by Brooks. Brooks got into the truck and Ervin and Forrest told him they wanted to buy some marijuana. Brooks said he had none. Ervin and Forrest asked for other drugs and they gave Brooks twenty dollars of the "buy" money. Brooks went to a car and came back to the truck with a white, rock-like substance. An argument ensued and Brooks left. Forrest took Ervin back to his home. Forrest then went to a graveyard where he met Bailey and gave him the substance. The substance was placed in a bag to be entered into evidence. Jacqueline Gardner, a forensic specialist at the Mississippi State Crime Lab, testified that the substance contained crack cocaine.
¶ 5. Over the defense objection, Bailey testified that he pulled a "jail photo" of Brooks and showed it to Forrest who was able to identify Brooks as the person that sold him the cocaine. The defense motion for a mistrial following this testimony was denied.
¶ 6. Forrest also testified that he earned money ($50) for this buy and had conducted twenty-five to thirty such cases in Rankin County. He has been working as a confidential informant for seven years and has earned thousands of dollars.
¶ 7. Following instructions from the court, the jury retired for deliberation and returned with a verdict of guilty as charged. Subsequently, Brooks was sentenced to serve thirty years, without parole, in the Mississippi Department of Corrections.

I. THE TRIAL COURT PROPERLY OVERRULED THE OBJECTION MADE BY BROOKS WHEN OFFICER BRYAN BAILEY MADE A REFERENCE TO A "JAIL PHOTO" OF BROOKS DURING HIS TESTIMONY.
¶ 8. In his first assignment of error, Brooks claims that the trial judge should have granted his motion for a mistrial when Officer Bryan Bailey stated that he "went into our jail photos and pulled up a photo of Brooks." Brooks believes that by allowing the testimony referencing the photo, the judge erroneously permitted the jury to hear evidence of Brooks's prior bad acts or crimes. He complains that the trial judge should have granted a mistrial since the effect of the comment was denial of a fair trial. However, the trial judge determined that the statement did not rise to the level of error warranting a mistrial, and he was within his discretion in denial of the appellant's motion.
The granting of a motion for a mistrial is within the sound discretion of the trial judge. Bass v. State, 597 So.2d 182, 191 (Miss.1992). The trial judge "is in the best position for determining the prejudicial effect" of an objectionable remark. Perkins v. State, 600 So.2d 938 (Miss. 1992).
The judge is provided considerable discretion to determine whether the remark is so prejudicial that a mistrial should be declared. Where "serious and irreparable damage" has not resulted, the judge should "admonish the jury then and there to disregard the impropriety." Hoops v. State, 681 So.2d 521, 528 (Miss.1996); Roundtree v. State, 568 So.2d 1173, 1178 (Miss.1990).
Lester v. State, No. 98-KP-00228-COA, 767 So.2d 219 (¶¶ 11-12) (Miss.Ct.App. 2000).
¶ 9. In his argument on appeal, Brooks relies on Duplantis v. State, 644 So.2d 1235, 1246 (Miss.1994), and correctly states that "evidence of a crime other than that charged in the indictment is not admissible evidence against the accused." However, the State only introduced a reference to *797 the "jail photo" and not the actual photograph. Even then it was introduced under the exception of M.R.E. 404(b). The reference to the jail photo was made only to ascertain Brooks's identity and nothing more.
¶ 10. In Lee v. State, 733 So.2d 336 (Miss.Ct.App.1999), where the defendant was convicted of conspiracy to sell LSD, this Court held that:
The admissibility of evidence related to prior bad acts is well established in Mississippi. Mississippi Rule of Evidence 404 provides that evidence of a person's character or a trait of his character is generally not admissible. The rule does, however, designate certain exceptions such as evidence of other crimes, wrongs or acts that are admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity....
Lee, 733 So.2d at 342 (Miss.Ct.App.1999).
¶ 11. The trial judge in the case sub judice relied on this Court's interpretation in Carter v. State, 450 So.2d 67 (Miss. 1984). The trial judge states,
From the reading of this case one of the instances where evidence of another crime may be introduced is where identity of the Defendant is in question." Identity of the defendant is questioned. The cocaine buy between Brooks and Forrest, which happened on December 30, 1996, was captured on audiotape recording. Brooks said in the tape recording, "those statements that they was making in there, they wasn't talking about me." This statement alone called into question Brooks's identity. Brooks hoped that the tape would illustrate to the jury that he was not the one involved in the cocaine sale. Brooks insisted, against the advice of his counsel, that the entire and complete tape recording be played before the jury. Brooks asserted that playing the entire tape and not excerpts would "help fight [his] defense in saying that it was me in the tape." Brooks went on to say, "This guy that'sthat's talking about it was Lennis that sold the dope, he don't know whether it was me or my uncle. He ain'the ain't got his peoples right that he talking about." Brooks wanted the jury to believe that the wrong person was on trial for selling cocaine. Therefore, Bailey's testimony, which referenced the photograph he had seen of Brooks at the jail, was appropriate and necessary in order to ascertain Brooks's identity. The testimony of Bailey was not introduced to prove the character of Brooks, but to show that the right person was before the court. Therefore, the reference to the "jail photo" falls within the exception designated in Rule 404(b), which provides that such evidence may be used for identification purpose.
¶ 12. Furthermore, the trial judge aptly addresses Brooks's concern that Bailey's testimony does not comply with Rule 404. Following colloquy, the trial judge ruled that:
It's the opinion of the Court that the comment made by the witness as to wherehow he determined the identity of this Defendant, and he responded by saying that he returned to thehis office and obtained a jail photo does not in and of itself show that there was another crime committed. I think at most what the jury could draw from that is that there may have been a previous arrest and know nothing of whether or not a conviction ensued. There is no testimony as to time frames, how old the photograph was. I think that the witness and the officer made agave an honest answer as to how he identified the Defendant *798 or how hewhat methods he used to identify the Defendant.
(emphasis added).
¶ 13. Brooks further argues that even if the evidence allowed by the trial courts falls within one of the exceptions set forth in Rule 404, the trial judge did not conduct the requisite balancing test under Rules 401-403, which is to weigh the probative value of the evidence against the prejudicial impact of the evidence. United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978).
¶ 14. Obviously this is not the case. The record of the trial judge's comments demonstrates that he conducted the requisite balancing test. The trial judge ruled that the reference to the jail photo "does not in and of itself show that there was another crime committed." In weighing the probative value of the evidence against the prejudicial impact of the evidence, the trial judge said,
I think that the witness and the officer made agave an honest answer as to how he identified the Defendant or how hewhat methods he used to identify the Defendant. I don't think there was any intention on the State's part to have this matter presented before the jury other than by way of identification of the Defendant.
¶ 15. The actual picture referred to during Bailey's testimony was not presented as evidence. Brooks relies on Sloane v. State, 437 So.2d 16 (Miss.1983), where mug shots were actually introduced and shown to the jury, had markings which potentially could have caused the jurors to suspect that the defendant had prior criminal record or had been in trouble with the police. The Sloane court held that it was reversible error because the State did not need to introduce such prejudicial photographs. The witness had already made a positive in-court identification of defendant. The photos introduced in the Sloane court were full front and a profile shot of the defendant with the inscription "Police Dept. Jackson, Miss. and Identification number 27163". The mug shots had been taken several years prior to the crime for which appellant was being tried and portrayed a much younger Sloane.
¶ 16. Brooks's argument is that the jury could infer from the statement "jail photo" that Brooks had committed prior bad acts or crimes. He wants this Court to believe that the impact of this statement was prejudicial and its impact outweighs the probative value of the evidence.
¶ 17. The photo was mentioned only one time. Bailey mentioned the photo as proof that Brooks was the right person arrested. The State did not have the actual photo presented as evidence, and the mere mention of the photo was innocuous. Even so, the trial judge offered to admonish the jury that it should disregard the testimony about the jail photo. The trial judge wisely noted that instructions in this regard would probably draw more attention to the testimony. After, consultation with counsel, Brooks agreed that instruction would not be required, waiving any objection to the lack of instruction.
¶ 18. In light of the judge's consideration of the prejudicial effect of the reference to the jailhouse photo and his immediate offer to instruct the jury, limiting the application of the evidence, the trial judge did not commit reversible error. The trial judge correctly applied the balancing test and determined that the prejudicial impact caused by mentioning the jail photo did not outweigh the value of ascertaining that Brooks was indeed the person who sold cocaine to the confidential informant, Forrest. There was no abuse of judicial discretion in denying the motion for mistrial; *799 this proposition is without merit and should be denied.

II. THE VERDICT RETURNED BY THE JURY WAS NOT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE PRESENTED BY THE STATE.
¶ 19. The evidence presented by the State supports the guilty verdict returned by the jury. After conviction, the appellant filed his motion for JNOV and included in this motion was the appellant's request for a new trial on the basis that the verdict was against the overwhelming weight of the evidence.
¶ 20. The appellant believes that the trial court erred by not granting his motion for a judgement not withstanding the verdict. The standard for evaluating a JNOV is whether or not the evidence was sufficient to warrant such and whether fair-minded jurors could have arrived at the same verdict. White v. State, 761 So.2d 221, 224 (Miss.Ct.App.2000).
In appeals from an overruled motion for JNOV the sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. The credible evidence consistent with [a defendant's] guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence.... McClain v. State, 625 So.2d 774, 778 (Miss.1993).
Id.
¶ 21. The challenge is to determine whether the evidence sufficiently supports the guilty verdict. White, 761 So.2d at 227. Based on the testimony presented by the State, fair-minded jurors could have and did arrive at the same verdict. The jurors considered the testimony, decided the State met their burden and concluded that Lennis Brooks was guilty. There is nothing in the record indicating the sufficiency of the evidence should be questioned. To order a new trial as Brooks requested, this court must find that the "verdict is so contrary to the overwhelming weight of the evidence that to allow to stand, would be a sanction and unconscionable injustice." Groseclose v. State, 440 So.2d 297, 300 (Miss.1983).
¶ 22. In reviewing this claim, this Court must accept as true the evidence most favorable to the State. Van Buren v. State, 498 So.2d 1224, 1228 (Miss.1986); Malone v. State, 486 So.2d 360, 366 (Miss. 1986). This Court has ruled that it "will reverse only when it is convinced that the trial judge has abused his discretion." Malone, 486 So.2d at 366; Quinn v. State, 479 So.2d 706, 710 (Miss.1985). Finally, Brooks has failed to make a viable argument that the verdict was against the overwhelming weight of the evidence and that he is due a new trial. Considering the stringent standard of review that the sanctity of the jury's verdict may not be disturbed supported by the evidence, this court finds Brooks's proposition that he is due a new trial or a JNOV to be without merit. Harris v. State, 527 So.2d 647, 649 (Miss.1988), Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). n. 11.
¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF THIRTY YEARS AS AN HABITUAL OFFENDER IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF ONE MILLION DOLLARS TO BE PAID ON OR BEFORE THE 180TH DAY OF RELEASE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
*800 McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR. CHANDLER, J., NOT PARTICIPATING.