BRIDGES, J.,
for the Court.
¶ 1. A Hinds County jury convicted Oscar Rayfield Jones of selling cocaine on November 17, 2003. The circuit court sentenced Jones to twenty years in confinement. Jones appeals this decision arguing that (1) the trial court erred in allowing the jury to hear that the detective identified Jones from a photograph, (2) that the court failed to establish a chain of custody for the cocaine, and (3) that the verdict was against the weight of the evidence.
STATEMENT OF FACTS
¶ 2. The police had a tip that someone going by the name of “Ray-Ray” sold cocaine out of a certain house in Jackson. Officer Johnny Taylor investigated the case and arranged for Undercover Officer Altrich Harvey to go to the home to purchase sixty dollars worth of crack cocaine on June 1, 2001. Officer Taylor wired Officer Harvey and listened to him as he made the buy from a nearby location. However, Officer Taylor could not see inside the house to witness the purchase.
¶ 3. Harvey went to the house and a woman opened the door. Officer Harvey asked to speak to Ray-Ray. Someone came from the back of the house and Officer Harvey asked to purchase the cocaine. This individual then spit out four rocks of cocaine from his mouth and sold them to Officer Harvey. Officer Harvey *457 testified that he placed the rocks of crack cocaine in a matchbox to store them and then later gave the matchbox to Officer Taylor who bagged and identified the evidence. Officer Taylor failed to include any details about a matchbox at trial. Patricia Barnes testified that she tested the evidence and that it was .41 grams of cocaine.
¶4. Officer Harvey identified Jones at trial as the person he purchased the sixty dollars of crack cocaine from. He also testified that he recognized Jones during the sale from a picture he saw of Jones prior to entering the house.
¶ 5. In order to use Officer Harvey in further undercover activity in the area the police did not make an arrest at the time of the purchase. On June 12, the police arrested Oscar Rayfield Jones at the house where the sale occurred and charged Jones with this sale. Jones testified that he spent June 1, 2001, with his children’s mother paying bills and at her home. Barbara Dukes also testified that she spent the day with Jones and that no one calls him Ray-Ray but that close friends call him Ray.
ANALYSIS
¶ 6. “The trial court’s discretion must be exercised within the guidelines of the Mississippi Rules of Evidence and this Court will reverse only when an abuse of discretion resulting in prejudice to the accused occurs.” Morris v. State, 887 So.2d 804, 806(¶ 8) (Miss.Ct.App.2004) (citing Wash v. State, 790 So.2d 856, 858(¶ 5) (Miss.Ct.App.2001)).
I.
¶ 7. Jones contends that allowing Officer Harvey to testify that he saw a picture of Jones before the purchase created an inference for the jury that he had a prior criminal record. He argues that the jury would assume that the picture was a mug shot and that then- he must have a prior record and commits crimes of this sort. Jones cites to Sloane v. State, 437 So.2d 16 (Miss.1983)' which found admission of a mug shot into evidence as reversible error. The court did add that with appropriate need the court could allow mug shots into evidence but they must not draw attention to the source of the photographs.
¶ 8. This case differs from Sloane since the prosecution did not admit the picture into evidence. The prosecution merely asked officer Harvey, “Were you given an opportunity to look at a picture of a man known as Ray-Ray Jones prior to this?” Officer Harvey responded affirmatively and, aside from the defendant’s objection, nothing further was said concerning a photograph of the defendant. This case follows more along the facts of Brooks v. State, 788 So.2d 794 (Miss.Ct.App.2001). In Brooks, the prosecution mentioned a photograph one time to show that the correct person was arrested. Similarly, the prosecution did not admit the picture into evidence. The Court found that the judge did not err in that case in allowing the witness to testify to recognizing the defendant from a picture beforehand since, “prejudicial impact caused by mentioning the jail photo did not outweigh the value of ascertaining that Brooks was indeed the person who sold cocaine.” Brooks, 788 So.2d at 798(¶ 18).
¶ 9. This case differs from Brooks since in that case the witness identified the picture as a “jail photo.” In this case the witness did not label the picture in any way requiring the jury to make inferences on their own. Thus, the value of insuring that Officer Harvey correctly identified Jones greatly outweighs the very little, if any, prejudicial impact of this testimony.
¶ 10. Jones also contends that as evidence of a prior crime the trial court must *458 do a Rule 403 balancing test. The trial judge did not balance the issue on the record. Instead he noted that the prosecution failed to make any reference to the source of the picture at all. He also warned the prosecution saying, “You are walking a tight rope.” “While a trial court must certainly balance probative value and prejudice when evaluating evidence under a trial court’s failure to articulate the balancing on the record does not require reversal.” Brink v. State, 888 So.2d 437, 451(¶ 42)(Miss.Ct.App.2004)
¶ 11. Jones also argues that if the judge decided to allow mention of the picture than it required a limiting instruction. Jones failed to ask the trial judge for a limiting instruction. In Brooks, the Court offered to give a limiting instruction to the jury but suggested that, “that instructions in this regard would probably draw more attention to the testimony.” Brooks, 788 So.2d at 798(¶ 17).
¶ 12. In Clay v. State, 881 So.2d 323, 326(¶ 9-10) (Miss.Ct.App.2004) the trial court allowed testimony that a witness identified the defendant from a photo lineup which led to developing the defendant as a suspect. The court noted that this did not present evidence of his prior crimes or convictions and did not create a situation for a Rule 403 limitation. Similarly, Officer Harvey’s mention of the photo did not require a limiting instruction.
II.
¶ 13. Jones also argues that the trial court erred in allowing the cocaine into evidence since the chain of custody was not maintained. Jones bases part of this argument on the matchbox not appearing in Officer Taylor’s testimony. Jones further objected to the evidence because the forensic expert did not say which officer gave her the cocaine and which officer she returned it to. Officer Taylor testified to marking the evidence with his case number in an evidence bag. The forensic expert also testified to initialing, writing the case number and date on the bag as well.
¶ 14. In Gilley v. State, 748 So.2d 123 (Miss.1999) the defendant also challenged the chain of custody of the evidence since the officer who transported the cocaine to the State Crime Laboratory or the person who accepted the evidence at the Lab. “The test for the continuous possession of evidence is Vhether or not there is any indication or reasonable inference of probable tampering with the evidence or substitution of the evidence.’” Gilley v. State 748 So.2d 123, 127(¶ 11)(Miss.1999), quoting (Doby v. State, 532 So.2d 584, 588 (Miss.1988)). The burden of showing tampering lies with the defendant and the determination of proper chain of custody rest with the trial court. Gilley, 748 So.2d at 127(¶ 11)
¶ 15. In Gilley the court noted that the defendant did not allege that anyone tampered with the evidence. Jones does not allege that anyone tampered with the evidence but that someone might have confused it with another case. The Gilley court also looked at the testimony of the officer who received the evidence as well as the person who tested it. They both testified that they tagged and initialed the evidence similar to the testimony in this case. “Their testimony also revealed that proper procedures and safeguards were followed in transporting and receiving the evidence, and that testimony was subject to cross-examination. The trial judge was soundly within his discretion in admitting [the evidence].” Gilley, 748 So.2d at 127(1112) Accordingly, the trial court did not abuse its discretion by allowing the presentation of the evidence by placing weight on the testimony of the forensic *459 expert along with the officers who collected the evidence.
III.
¶ 16. Jones also argues that the verdict was against the weight of the evidence and the court should have issued a directed verdict or granted a motion for a new trial. The Court views a motion for a directed verdict and a judgment notwithstanding the verdict the same. Shelton v. State, 853 So.2d 1171, 1186(¶ 48)(Miss.2004). “Under that standard, this Court considers all of the evidence in the light most favorable to the State and gives the State the benefit of all favorable inferences that may reasonably be drawn from the evidence. If the facts so considered point so overwhelmingly in favor of the appellant that reasonable men could not have arrived at a guilty verdict, this Court is required to reverse and render. On the other hand, if there is substantial evidence in support of the verdict of such quality and weight that reasonable and fair-minded jurors in the exercise of impartial judgment might have reached different conclusions, this Court is required to affirm.” Seeling v. State, 844 So.2d 439, 443(¶ 8)(Miss.2003).
¶ 17. Jones points to the detail that Officer Harvey testified that he placed the cocaine in a matchbox and Officer Taylor failed to describe a matchbox. Jones also looks into his chain of custody arguments and his alibi witness for reasons that the evidence pointed against conviction. However, the jury had plenty of substantial evidence to support the conviction in the testimony of the two officers. Based on this evidence, a reasonable jury could find Jones guilty.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY OF CONVICTION OF SALE OF COCAINE 41-29-139/142 AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ„ CONCUR.